SMITH, BARRY & COMPANY *v.* DAVIS BROTHERS.

1. The act of November 12th, 1889, amending section 3719 of the code, which defines the time for making applications for new trials, does not apply to cases pending and untried when the amending act was passed, such cases being excepted therefrom by the terms, "Provided, that the provisions of this act shall not apply to cases now pending in which motions are made for new trials," these terms being followed by a second proviso, the words of which are, "And provided further, that the provisions of this act shall not apply to cases already tried in which motions for new trials may be made or are now pending."   As the second proviso embraces all *tried* cases, the first, in order to have any subject-matter, must embrace cases *not tried*.

2. The rule of construction that effect is to be given to all the words of a statute, forbids that two provisos should be treated as having no more scope or significance than one of them would have if

v 85-40

standing alone. It is better to wait for legislative amendment than to arbitrarily reject one of the provisos as senseless or superfluous. BLANDFORD, J., dissenting.

July 5, 1890.

New trial. Practice. Statutes. Construction. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1889.

Reported in the decision.

ABBOTT & SMITH, for plaintiffs.

THOMAS F. CORRIGAN, for defendants.

BLECKLEY, Chief Justice.

A case between these parties was pending in the superior court when the act of November 12, 1889, was approved and went into effect. It was tried on the next day, and a verdict was rendered for the plaintiffs. The defendants made a motion for a new trial, but did not file a brief of the evidence within 30 days after the trial. The session of the court continued for more than 30 days, and during the same term, the court, at the instance of the plaintiffs, dismissed the motion because a brief of the evidence had not been filed within 30 days after the trial, resting the decision upon the act above referred to. Subsequently in the same term, this judgment was, at the instance of the defendants, set aside, and the motion for a new trial was reinstated. To this last judgment the plaintiffs excepted, and the question made for our decision is, whether the act applies to a case pending at the time of its passage and tried afterwards.

1. The act amends section 3719 of the code by adding thereto a requirement that in ordinary applications for a new trial a brief of the evidence shall be filed within thirty days after the trial. Acts 1889, p. 83. But the act concludes with two provisos, the first of which is as follows: "Provided, that the provisions of this act shall not apply to cases now pending in which motions

are made for new trials." There can be no doubt that
the description, "cases now pending," embraces all exist-
ing cases not tried, though in a large sense it embraces
also such as have been tried, but not yet disposed of by
final judgment. Used in the restricted sense, the
description would apply to untried cases only; used in
the large sense it would still apply to them, but would
include some tried cases in addition. But no ordinary
or appropriate use of the description would limit its
application to tried cases, and exclude the untried.
Such a limitation, if intended, would have to be
indicated by the context, that is, by words associated
with these words as part of the description itself,
or as part of the enactment outside of the descrip-
tion. The associated words forming part of the de-
scription are the words, " in which motions are made for
new trials." Grammatically speaking, "are made" is
the passive voice of the verb "to make." It may refer
to past or to future time. When the reference is to
past time, it signifies "have been made"; when to future
time, it signifies "shall be made." Whether tested by
grammar, or by usage without reference to grammatical
rules, the expression "cases now pending in which
motions are made for new trials," may be understood as
"cases now pending in which motions have been made
for new trials," or as "cases now pending in which
motions shall be made for new trials." The phrases
"are made," "are done," "are committed," "are paid,"
"are satisfied," etc., used in the sense of "shall be
made," "shall be done," "shall be committed," "shall
be paid," "shall be satisfied," etc., may be found scat-
tered up and down through the whole range of statute
law. No doubt the instances of the "shall be" sense
are much more numerous in our statutes than instances
of the "have been" sense, for the reason that it is the
business of statutes to provide and prescribe for the

future, not for the past. Still the form "are made" is ambiguous, and therefore cannot safely be relied upon to exclude untried cases from the words "cases now pending," and confine those words to cases already tried when the statute we are construing was enacted. On the other hand, though the ambiguity is but slight in view of the ordinary signification of cases pending, slight as it is, we cannot be quite sure, reading the first proviso alone, that the legislature intended the words "are made" to be taken in the sense of "shall be made." When we pass to the second proviso, however, all doubt vanishes, the language of that proviso being: "And provided further, that the provisions of this act shall not apply to cases already tried in which motions for new trials may be made or are now pending." To extend, much more to restrict the first proviso to cases which had been tried when the act was passed, would assign to that proviso some of the identical cases which are expressly included in the second, namely those in which motions for new trials were then pending. If these cases had already been provided for, in the first proviso, why should the legislature have "*further*" provided for them in the second ? If they had already been excepted from the operation of the amending statute, it would be nonsense to except them again, by a further proviso introduced in part for that express purpose. By construing the first proviso as applying to cases pending, but not yet tried when the legislature dealt with them, we have a subject-matter for that proviso to operate upon. But construing it as applying to cases then already tried, we have no subject-matter for it whatever, without treating the second proviso as a mere repetition of the first, as to one and perhaps the larger class of cases provided for by the second. The two classes for which the latter provides are exhaustive of all tried cases which it could have

been the purpose of the legislature to save from being affected by the amending act, for any motion for a new trial in such cases that could have been affected if no saving had been made, would either be a motion then pending or one thereafter made, and the second proviso includes both.    The only use which the legislature could have had for the first proviso was to reach untried cases; for, were that proviso stricken out, the act as a whole would have exactly the same meaning and effect touching tried cases as it now has.

2. The question then for our decision, in its ultimate form, is: Can we reject the first proviso as senseless or superfluous, and thus disregard the settled rule of construction that effect is to be given to all the words of a statute, and none of them rejected arbitrarily?   Here is a clause consisting of twenty-two words, which is susceptible of having effect, without doing the least violence to any of the words or to the clause as a whole. Shall we treat it as needless verbiage, either because we think the legislature might have expressed the apparent meaning more directly and in fewer words, or because we think the legislature ought not to have had the meaning and purpose which its language imports? Surely it is no sufficient reason for departing from established rules of construction, that a court may believe the legislature ought to have legislated differently from what it seems to have done.   That we would not have introduced this proviso into the act, had we been legislating, is true enough, for we can see no cause for excepting all pending cases from the new rule as to the time of filing the brief of evidence.   Yet the legislature might have seen such cause.   We can see that an act which was to take effect immediately upon its passage might not become sufficiently known for a considerable time thereafter to be a guide for the new practice in such pending cases as might be tried shortly

after the act was passed. It would have been quite sensible and proper, therefore, to fix some future time for the act to go into operation as to pending cases. But instead ot adopting this resource, the legislature thought proper not to allow the act to affect pending cases at all. The object, if it needed our approval, was a good one. The mode of accomplishing it, however, is different from the one we should have chosen, inasmuch as the allowance of a reasonable time for the act to become known did not, as we would think, render it necessary to save all pending cases from the new requirement, but such only as might be tried within a limited time. Nor are we free to reject this clause because the legislative will might have been expressed more directly, or with less circumlocution. In a great number of instances, the legislative mind moves in a mysterious way in choosing language to express its intention. If courts decline to follow it through the indirect and complicated phraseology sometimes employed, many acts of the General Assembly would fail of interpretation according to the true intent and purpose of our law-makers. A very wise statute may be a very loose and rambling one in mere literary expression. It is not the care of the legislature, perhaps not so much as it should be, to couch its enactments in correct and concise language. A striking example of this is afforded by an act, passed in 1879, to dispense with prosecutions in felony as a condition to prosecuting a civil action therefor as a private tort. To accomplish this simple object, the legislature enacted as follows: "Be it enacted, etc., that from and after the passage of this act, the provisions of §2970 of the code of Georgia of 1873, which declares: 'If the injury amounts to a felony as defined by this code, the person injured must either, simultaneously, or concurrently, or previously, prosecute for the same, or allege a good excuse for the

Reports.] MARCH TERM, 1890. 631

failure so to prosecute,' shall not apply to torts committed by railroad corporations, or other incorporated companies, or their agents or employees, nor shall the same apply to natural persons." Acts 1878–9, p. 56. The end contemplated was accomplished (*W. & A. R. R.* v. *Meigs,* 74 *Ga.* 857; *Powell* v. *Railroad,* 77 *Ga.* 192); but certainly the linguistic process was one of considerable circuity and complexity. As in that instance, so in this all the words of the legislature, however numerous, ought to be preserved, and effect given to the whole, if it can be done. No doubt courts could sometimes better legislation by rejecting some of the words delivered to them by the legislature for construction; but to do this courts have no power. If, according to sound construction, legislation is found to be faulty and imperfect, the courts have no rightful alternative but to wait for legislative correction and improvement by amending the law. In no other way can the separation between the legislative power and the judiciary be kept, as the constitution intends it to be, distinct.

In reinstating the motion for a new trial in the present case, the court adopted and applied a correct construction of the act in question.

*Judgment affirmed.*