30148. LEE *v.* CLAXTON.

*C. C. Crockett,* for plaintiff.

*R. M. Daley, R. I. Stephens,* for defendant.

STEPHENS, P. J.   B. S. Lee filed with the Industrial Board a claim for compensation against E. D. Claxton for an injury alleged to have arisen out of and in the course of his employment.   A hearing before a deputy director resulted in an award in favor of the claimant.   Claxton applied to the board for a review of the award, and the board reversed the award on the ground that the claimant was not an employee within the meaning of the compensation act. The claimant in due time appealed from the final award of the board on review to the superior court.   The superior court affirmed the award, and to this judgment the claimant excepted.

It appears undisputed from the evidence that Dr. E. B. Claxton, a practicing physician in the City of Dublin, owned real estate and the building thereon which was operated by a corporation by the name of Claxton Sanatorium, with the operation of which he had been connected; that this hospital building was destroyed by fire, and Dr. Claxton opened temporary offices in another building which belonged to him known as the "nurses' home," in which he carried on his practice; that by the employment of day laborers paid by him, he commenced rebuilding on the site of the hospital which had been destroyed a hospital to be operated by him when completed; that among the employees, who were more than ten, was B. S. Lee, the claimant for compensation for an injury to his arm in a fall, which arose out of and in the course of his employment, and for which he filed a claim for compensation.

There is only one question presented for determination by this court.   Was the claimant, at the time of his injury, an employee of E. B. Claxton within the provisions of the workmen's compensation laws of this State?   The Code, § 114-101, provides in part as follows:  "'Employee' shall include every person in the service of another under any contract of hire  .  .  except one whose em-

ployment is not in the usual course of the trade, business, occupation or profession of the employer." Section 114-107, provides that the workmen's compensation act "shall not apply . . to employees whose employment is not in the usual course of trade, business, occupation or profession of the employer or not incidental thereto." Section 114-101, also provides that an 'employer' shall include . . any individual . . engaged in any business operated for gain or profit." The test is whether an employment is in furtherance of the business of the employer, and not in the manner or method adopted in the performance of such employment; and the character of the work being done and not the contract of employment, is determinative of the question. In any event, the words of the statute, as we have seen, must be construed reasonably and liberally with a view of applying the beneficent provisions of the statute so as to effectuate its purposes, and to extend them to every class of workman and employee that can fairly be brought within the provisions of the act. It is sufficient that the service which the employee is performing when injured grows out of and is incidental to his employment. It does not matter if the employment is for one of several businesses carried on by the employer. The mere fact that the particular business is not ordinarily one carried on by a person engaged in the profession of his employer would not result in removing the employment from the usual course of the business of the employer, particularly where such employee is engaged in business clearly related or incidental to the main business of the employer. The employment by Dr. Claxton of the claimant and other workmen in building the hospital to be operated by Dr. Claxton is in furtherance of his gain or profit, and is related or incidental to the practice of medicine and surgery. The present case is not at all like *Hartford Accident & Indemnity Co.* v. *Thompson,* 167 *Ga.* 897 (147 S. E. 50), but is more like the decisions of this court in *Continental Casualty Co.* v. *Haynie,* 51 *Ga. App.* 650 (181 S. E. 126), s. c. 182 *Ga.* 608 (186 S. E. 683), and *City Council of Augusta* v. *Butler,* 50 *Ga. App.* 838 (179 S. E. 149).

It follows that the judge of the superior court erred in affirming the award of the Industrial Board.

*Judgment reversed. Sutton and Felton, JJ., concur.*