CULBRETH *et al. v.* SOUTHWEST GEORGIA REGIONAL HOUSING AUTHORITY.

No. 15098.   APRIL 3, 1945.

*Lee Miller Jr.,* for plaintiffs in error.

*Frank L. Forester, Spalding, Sibley & Troutman,* and *W. K. Meadow,* contra.

BELL, Chief Justice.  Southwest Georgia Regional Housing Authority filed suit against named officers of Calhoun County, seeking, among other things, to enjoin the enforcement of an execution for State and county ad valorem taxes issued against the petitioner and a described tract of land owned by it, upon the ground that the property was exempt from such taxation under the constitution and laws of this State.  The case involves a rural housing project as distinguished from a municipal project.

The specific contentions were, (1) the property is "public property," and (2) the petitioner is an institution of "purely public charity," both within the meaning of the constitution (Code, § 2-5002), and the statute enacted in pursuance thereof (Code, §

92-201). The petitioner also invoked the provisions of section 21 of the housing act of 1937, that: "The property of an authority is declared to be public property used for essential public and governmental purposes and not for purposes of private or corporate benefit and income, and such property and an authority shall be exempt from all taxes and special assessments of the city, the county, the State or any political subdivision."

The defendants filed a general demurrer, contending therein that the allegations of the petition did not show that the property was exempt upon either ground alleged, and attacking section 21 of the act of 1937 as violating the provision of the constitution as to tax exemption (Code, § 2-5002), and the kindred provisions of that instrument as expressed in sections 2-5001 and 2-5005.

Thus, exemption from taxation is the only question presented. We have reached the conclusion that, on the facts alleged, the property would be exempt as "public property," and in this view the question as to public charity need not be determined. Compare *Williamson* v. *Housing Authority of Augusta*, 186 *Ga.* 673 (8), 691 (199 S. E. 43). Accordingly, in the following opinion, we shall deal only with the former question. The statute itself, as an examination will show, declares the property exempt as being "public property," and does not expressly or in terms mention "charity."

In 1937, the General Assembly passed an act to be known as the housing-authorities law. Ga. L. 1937, p. 210. Stated briefly, the declared purpose of this law was to eliminate insanitary and unsafe habitations occupied by persons of low income, and to construct in lieu thereof safe and sanitary dwellings, in the interest of the health, safety, morals, and general welfare of the residents of this State. For the administration of the act, corporate bodies to be known as housing authorities were created. These corporations were authorized to finance the projects, either by pledge of income and revenue, or by mortgage on physical properties. By section 8 it was declared, "An authority shall constitute a public body corporate and politic, exercising public and essential governmental functions, and having all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this act." See also sec. 4.

By section 9, it was provided that "each housing authority shall manage and operate its housing projects in an efficient manner so

as to enable it to fix the rentals for dwelling accommodations at the lowest possible rates consistent with its providing decent, safe and sanitary dwelling accommodations, and that no housing authority shall construct or operate any such project for profit, or as a source of revenue to the city or the county."

In addition to the other powers granted, each authority created was specifically authorized to borrow money or accept grants or other financial assistance from the Federal Government in aid of any housing project within its area of operation, and "to do any and all things necessary or desirable to secure the financial aid or co-operation of the Federal Government in the undertaking, construction, maintenance, or operation of any housing project by such authority." Sec. 20. During the same year, Congress passed an act creating the United States Housing Authority, and empowering it to make loans and grants to public housing agencies created by the States. 42 U. S. C. A., §§ 1401 et seq.

The Georgia act of 1937 has been several times amended. See Ga. L. 1939, p. 112; Ga. L. 1939, p. 124; Ga. L. 1943, p. 146. The amendment of 1943 provided for the consolidation of county authorities and existence of a regional authority in lieu thereof; such regional authority to be "a public body corporate and politic," and to succeed to all the rights, powers, and liabilities of the county authorities. Ga. L. 1943, p. 146, sec. 6.

The petition in this case alleged that in April, 1943, the petitioner, Southwest Georgia Regional Housing Authority, was duly organized under this amendment, and upon such organization acquired the tract of land in question from Calhoun County Housing Authority, which was one of eleven county authorities that had been consolidated. It also appeared from the allegations that, before and after the petitioner acquired this land, it had been owned and operated without profit and in strict accordance with the housing authorities law.

The constitution provides that, "The General Assembly may, by law, exempt from taxation all public property," and it has been declared by statute that all such property shall be exempt. Code, §§ 2-5002, 92-201. Property may be public property so as to come within the exemption, although the legal title is not in the State, nor in a county or municipality, provided it is "not used for purposes of private or corporate profit and income." Code, § 2-5002;

*Trustees of the Academy of Richmond County* v. *Augusta,* 90 *Ga.* 634 (17 S. E. 61, 20 L. R. A. 151) ; *Walden* v. *Whigham,* 120 *Ga.* 646 (48 S. E. 159). "Public property, within the meaning of that clause of the constitution which authorizes the General Assembly to exempt from taxation all public property, embraces only such property as is owned by the State, or some political division thereof, and title to which is vested directly in the State, or one of its subordinate political divisions, or in some person holding exclusively for the benefit of the State, or a subordinate public corporation. *Board of Trustees of Gate City Guard* v. *Atlanta,* 113 *Ga.* 883 (39 S. E. 394, 54 L. R. A. 806)." *Williamson* v. *Housing Authority of Augusta,* 186 *Ga.* 673 (8), 691 (supra).

As we have seen above, the applicable statutes purport to make Southwest Regional Housing Authority a public corporation, and we can not say that they are ineffectual for that purpose. Since the housing authority is thus a public corporation, and is using this property exclusively for a declared public and governmental purpose, and not for private or corporate benefit or income, it is in effect an instrumentality of the State, and therefore the property is exempt from taxation to the same extent as if the legal title thereto was in the State itself or in a county or city. *Newton* v. *Atlanta,* 189 *Ga.* 441 (3) (6 S. E. 2d, 61).

The allegations of the petition bring the case squarely within the provisions of section 21 of the act of 1937, declaring that the property of "an authority shall be exempt from all taxes and special assessments of the city, the county, the State or any political subdivision thereof." All presumptions being in favor of the constitutionality of an act of the General Assembly, "it can not be lawfully set aside by the courts unless the alleged conflict with the constitution is plain and palpable." *Mayes* v. *Daniel,* 186 *Ga.* 345 (198 S. E. 535). We are not prepared to hold that section 21 is unconstitutional, as contended by the defendants in their demurrer. See generally, in this connection, *Emerson* v. *Southwest Georgia Regional Housing Authority,* 196 *Ga.* 675 (27 S. E. 2d, 334) ; Cleveland *v.* United States, 323 U. S. 329 (65 Sup. Ct. 280, 89 L. ed. 270) ; State of Florida *v.* McDavid, 145 Fla. 605 (200 So. 100, 133 A. L. R. 360) ; Mallard *v.* Eastern Carolina Regional Housing Authority, 221 N. C. 334 (20 S. E. 2d, 281) ; Benjamin *v.* Housing Authority of Darlington County, 198 S. C. 79 (15 S. E. 2d, 737) ;

Garrett *v.* Northwest Florida Regional Housing Authority, 152 Fla. 551 (12 So. 2d, 448).

The court did not err in overruling the demurrer.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*