41240. RICHMOND COUNTY HOSPITAL AUTHORITY v. McLAIN.

SUBMITTED APRIL 5, 1965—DECIDED SEPTEMBER 9, 1965.

*Gould B. Hagler,* for plaintiff in error.

*Harris, Chance, McCracken, & Harrison, Henry T. Chance, Henderson, Salley & Cushman, Julian B. Salley, Jr.,* contra.

DEEN, Judge. Under *Code Ann.* § 114-101, an employer for Workmen's Compensation purposes includes, as to governmental units, the State of Georgia, all departments and political divisions thereof, counties and municipalities. With certain stated exceptions it does not include any non-profit corporation. Public charities are explicitly excluded under *Code Ann.* § 114-107.

The Richmond County Hospital Authority is a public non-profit corporation. *Code Ann.* §§ 99-1502 (a), 99-1506. The general rule is that an authority, which is an agency of one or more participating governmental units created by statute for the specific purpose of having delegated to it certain functions governmental in character, is not a political subdivision unless recited to be so in the pertinent constitutional or statutory instruments creating it. N. Y. Leg. Doc. Vol. 5 (1965) p. 63, Legal Character of the Public Authority; Encyclopedia of Ga. Law, Vol. 3, § 4, p. 8, Nature of Authorities. The Hospital Authorities Law (Ga. L. 1941, p. 241 et seq.; *Code Ch.* 99-15) has no such language. A cursory analysis of its structure indicates that it was intended to create public corporate agencies of the political subdivisions involved, managed by qualified persons appointed by the governing bodies of such political subdivisions, and having a corporate entity so as to

be able to contract with them, but without power to tax or to elect officials and without any political geographic area. These latter characteristics are generally inherent in the concept of a political subdivision. *Ty Ty Consolidated School District v. Colquitt Lumber Co.*, 153 Ga. 426 (1) (112 SE 561). Ch. 99-15 makes frequent use of the term "political subdivision," always in reference to the creating city, town, municipality or county, and never in connection with the authority itself. The same careful distinction between the political subdivision as creator and the authority as agent is observed in the constitutional framework (Art. VII, Sec. VI) authorizing the establishment of authorities for specified purposes. *Code Ann.* § 2-5901 (c) provides: "Any city, town, municipality or county of this State, or any combination of the same, may contract with any public agency, public corporation or authority for the care, maintenance and hospitalization of its indigent sick." A different result has been reached only where the statute itself, either in terms or by inference, enlarges the general meaning of the word "authority" so as to make it a political division by definition. See in this connection Comm. of Int. Rev. v. Shamberg's Estate, 144 F2d 998. In *DeJarnette v. Hospital Authority of Albany*, 195 Ga. 189, 200 (23 SE2d 716) a hospital authority created under *Code Ann.* § 2-5901 (c) was referred to as an "organization" to carry out the duty owned by the State to its indigent sick. In *Knowles v. Housing Authority of Columbus*, 212 Ga. 729, 730 (95 SE2d 659, 61 ALR2d 1241) it was referred to as an "instrumentality" of the State. In *Stegall v. Southwest Ga. Regional Housing Authority*, 197 Ga. 571 (4) (30 SE2d 196) the Supreme Court, dealing with a housing authority, the statute creating which is closely akin to that creating hospital authorities, held that a housing authority "is not a county, municipality, or political division" within the purview of the constitutional provision stating the purposes for which debts may be incurred for governmental purposes. Therefore, neither the language of *Code Ch.* 99-15 which refers to a hospital authority as a "body corporate and politic" nor that which assigns to it "public and essential governmental functions" is sufficient to constitute it a political

division of the State. Since it is not included within any class designated as an employer for purposes of Workmen's Compensation in *Code Ann.* § 114-101, it follows that an employee of the Richmond County Hospital Authority who sustained an accident arising out of and in the course of her employment by such employer is not entitled to compensation benefits.

We readily agree that counties are employers under the Act, that public health and care of the indigent sick are county purposes, and that the Hospital Authority under its contract with Richmond County receives county funds raised by taxation and uses them for this purpose. There is no logical reason why hospital employees are covered when the hospital is operated directly by a city or county, and not covered when it is operated for the benefit of the city or county by an authority created with that particular end in view, but this is a matter which addresses itself to the legislative rather than the judicial branch of government.

The Judge of the Superior Court of Richmond County erred in affirming the award.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*