42331. UNDERCOFLER, Commissioner v. COLONIAL PIPELINE COMPANY.

ARGUED SEPTEMBER 7, 1966—DECIDED DECEMBER 5, 1966.

*Arthur K. Bolton, Attorney General, William L. Harper, H. Perry Michael, Assistant Attorneys General,* for appellant.

*Jack Vickery, Howard D. McCloud, Ross Arnold,* for appellee.

BELL, Presiding Judge. Section 9 of the General Tax Act of 1935 (Ga. L. 1935, pp. 11, 64) provides in part: "All gas, water, electric light or power, hydro-electric power, steam heat, refrigerated air, dockage or cranage, canal, toll-road, toll-bridges, railroad equipment and navigation companies, person or persons doing a gas, water, electric light or power, hydro-electric power, steam heat, refrigerated air, dockage or cranage, canal, toll-road, toll-bridge, railroad equipment, or navigation business, through their president, general manager, owner, or agent having control of the company's offices in this State, shall be required to make annual tax returns of all property of said company located in this State to the Comptroller-General. . ."[1]

The Commissioner contends that taxpayer is doing a gas business. This contention is without merit. Taxpayer neither produces the substances which it handles nor markets them, but instead it is engaged only in their transportation. As taxpayer performs only this limited function, and does not deal

[1]Note that the editors of the Annotated Code publish this section of the Act as *Code Ann.* § 92-5902 with misleading deletions and variations in important language of the Act. Also, Section 4 of Ga. L. 1937-38, Ex. Sess., pp. 77, 80, vested in the State Revenue Commissioner authority to perform all the duties relating to matters of taxation theretofore vested in the Comptroller-General. *Code Ann.* § 92-8405.

generally with the products, its business is merely that of a transportation company, or common carrier. Moreover, "gas" is "an aeriform fluid, having neither independent shape nor volume, but tending to expand indefinitely." Roy v. Arkansas-Louisiana Gas Co., 200 La. 233, 238 (7 S2d 895); Black's Law Dictionary (4th Ed. 1951) p. 811. In its operations the taxpayer handles liquid petroleum products exclusively, and in fact taxpayer does not have the present ability to transport gaseous substances through its pipelines as it is not equipped with the necessary pumping and compressive apparatus. Liquid petroleum products are not "gas" within the meaning of Section 9 of the Act of 1935. See Vernon v. Union Oil Co., 270 F2d 441, 446. Thus taxpayer is not *doing* a gas business within the meaning of the Act. However, it is clear that the corporate purpose clause of taxpayer's charter *authorizes* taxpayer *to engage* in a gas business. Taxpayer is therefore a "gas company" within the meaning of the Act. *Southland Steamship Co. v. Dixon,* 151 Ga. 216 (106 SE 111).

The question decisive of this case is whether a gas company is required by the Act to file its return with the commissioner irrespective of whether it is doing a gas business.

In the *Southland Steamship Co.* case, supra, the Supreme Court stated at p. 221: "It appears that one of the purposes for which the Southland Steamship Company of Delaware was organized, and therefore one of the objects of the subscribers of its capital stock, was to engage in business in Georgia as a navigation company, and that it had ample charter power; also that it had an agency in Georgia and money and other property in Georgia available as a basis of credit, or otherwise for carrying on a navigation business. To use the language of the witness, there was 'no immediate prospect of the plaintiff owning any ships or of doing the business of a navigation company,' but the fact that there was no such prospect would not destroy the power of the company to engage in such business or prevent it from being a navigation company." Thus it was held that a corporation authorized by its charter to do business as a navigation company was required by an Act of 1918 (Ga. L. 1918, pp. 43, 77) to make its tax return to the

742

Comptroller-General although the taxpayer was not in fact engaged in a navigation business.

Section 8 of the Act of 1918 provided in part: "All gas, water, electric light or power, steam heat, refrigerated air, dockage, or cranage, canal, toll road, toll bridge, railroad, equipment and navigation companies through their president, general manager or agents having control of the companies' affairs in this State, shall be required to make returns of all property of said company located in this State to the Comptroller-General. . ."

A comparison of this section of the 1918 Act with Section 9 of the General Tax Act of 1927 (Ga. L. 1927, pp. 56, 97) and with Section 9 of the Act of 1935 reveals that immediately after the words "all gas . . . companies," used in each of the three enactments, the legislature added the following language in 1927 and 1935: "person or persons doing a gas . . . business." Which was the intention of the legislature: (1) that the participial phrase "doing a gas . . . business" relates to the words "all gas . . . companies, person or persons" or (2) that the phrase modify only the words "person or persons?" The language used by the legislature, "all gas . . . companies, person or persons doing a gas . . . business," is subject to either interpretation and is therefore ambiguous.

If the legislature intended the former, it would have been simpler to say, as did the editors of the Annotated Code in § 92-5902, "all persons or companies doing a gas . . . business."[2] This demonstrates the fact that the former interpretation would render superfluous and meaningless all those descriptive words immediately preceding and modifying the word "companies." The second interpretation would result in no change of the law that companies chartered and authorized to conduct one of the enumerated classes of business were required to make their returns at the state level irrespective of whether actually engaged in the business.

All the words of a statute are to be given due weight and meaning. *Falligant v. Barrow*, 133 Ga. 87, 92 (65 SE 149).

[2]See footnote 1.

Courts should not so interpret a statute as to make parts of it surplusage unless no other construction is reasonably possible. All the words of the legislature, however numerous, ought to be preserved, and effect given to the whole, if it can be done. *Smith v. Davis,* 85 Ga. 625, 631 (11 SE 1024); *Hicks v. Smith* 94 Ga. 809, 815 (22 SE 153). From the addition of words it may be presumed that the legislature intended some change in the existing law; but it is also presumed that the legislature did not intend to effect a greater change than is clearly apparent either by express declaration or by necessary implication. 82 CJS 545, Statutes, § 316.

We feel that the legislature did not intend to change the law as interpreted in *Southland Steamship Co. v. Dixon,* 151 Ga. 216, supra, requiring the enumerated *companies* to file returns with the comptroller general, but intended merely to add individual persons engaged in certain enumerated businesses to the classes of those required to file at the state level. Under this construction, it follows that since taxpayer is a gas company it is required by Section 9 of the Act of 1935 to make its ad valorem tax return to the commissioner although not doing a gas business.

The trial court erred in granting a summary judgment for taxpayer and in denying the commissioner's motion for summary judgment.

*Judgment reversed with direction to the trial court to render summary judgment for the State Revenue Commissioner declaring the rights of the parties according to the opinion of this court. Jordan and Eberhardt, JJ., concur.*