## 54490. GAITHER v. FULTON-DEKALB HOSPITAL AUTHORITY.

SMITH, Judge.

The Fulton-DeKalb Hospital Authority, doing business as Grady Memorial Hospital, is an "employer" within the meaning and intent of Georgia's workmen's compensation statutes. Thus, Grady employee Gaither's compensation claim against the Authority should not have been dismissed on jurisdictional grounds, and the judgment upholding that dismissal is reversed.

1. Our construction of the statutes in this case is guided by two salient principles. First, the recent history of Georgia's workmen's compensation laws, especially Code § 114-101, evidences an unmistakable legislative intent to broaden the coverage of Title 114 by expanding the scope of the term "employer." Secondly, it has long been the law in Georgia that the workmen's compensation

provisions are to "be construed reasonably and liberally with a view of applying the beneficent provisions of the statute so as to effectuate its purposes, and to extend them to every class of workman and employee that can fairly be brought within the provisions of the act." *Lee v. Claxton,* 70 Ga. App. 226, 228 (28 SE2d 87) (1943).

2. Code § 114-101 provides in part, " 'Employer' shall include the State of Georgia and all departments, instrumentalities and Authorities thereof, . . . [and] any individual, firm, association or corporation engaged in any business, except as hereafter provided . . ." The appellant contends the Authority is both an instrumentality of the state and a corporation within the meaning of the statute, and we agree. Heretofore, the most important interpretation of whether hospital authorities were employers within the meaning of our workmen's compensation laws was found in *Richmond County Hosp. Auth. v. McLain,* 112 Ga. App. 209 (144 SE2d 565) (1965). *McLain* held that the Richmond County Hospital Authority was not an employer within the version of Code § 114-101 then in effect. The court closed the opinion saying:

"We readily agree that counties are employers under the Act, that public health and care of the indigent sick are county purposes, and that the Hospital Authority under its contract with Richmond County receives county funds raised by taxation and uses them for this purpose. There is no logical reason why hospital employees are covered when the hospital is operated directly by a city or county, and not covered when it is operated for the benefit of the city or county by an authority created with that particular end in view, but this is a matter which addresses itself to the legislative rather than the judicial branch of government." 112 Ga. App. 209, 212.

Since the *McLain* decision, however, important changes have been made in § 114-101. In 1970, the legislature added language to include as employers "instrumentalities and Authorities" of the state. Ga. L. 1970, p. 235. Then, in 1975, the language "any individual, firm, association, or corporation engaged in any business *operated for gain or profit,* except as hereinafter provided," (emphasis supplied) was amended by deleting

the italicized phrase. Ga. L. 1975, p. 190. Thus the legislature has apparently answered the call of *McLain* by providing two ways for a hospital authority to be included as an "employer": as an instrumentality of the state and as a corporation engaged in any business.

A. *Instrumentality of the state.* It is relatively clear that local hospital authorities, housing authorities, and development authorities are not "State Authorities" of the genus defined by Ga. L. 1969, p. 484 (Code Ann. § 40-1631) (e.g., Georgia Building Authority, Georgia Education Authority, and Georgia Ports Authority). However, that which is not a "State Authority" may nevertheless be an "instrumentality of the state." Indeed, local housing authorities have been unequivocally described as instrumentalities of the state. *Knowles v. Housing Auth. of Columbus,* 212 Ga. 729, 730 (95 SE2d 659) (1956); *Culbreth v. Southwest Ga. &c. Housing Auth.,* 199 Ga. 183, 189 (33 SE2d 684) (1945). Notably, the language creating housing authorities (Ga. L. 1937, pp. 210, 214; Code Ann. § 99-1104) and the language creating local hospital authorities (Ga. L. 1941, pp. 241, 242; Ga. L. 1964, pp. 499, 599; Code § 88-1803) are virtually identical. If the housing authorities are instrumentalities of the state, we see no reason why the descriptively and functionally similar hospital authorities should not likewise be considered instrumentalities of the state. Moreover, it has been recognized as the *state's* duty to care for its indigent sick (*DeJarnette v. Hospital Auth. of Albany,* 195 Ga. 189, 200 (23 SE2d 716) (1942)) and the fact that the duty is delegated to localities via the local hospital authorities does not prevent those authorities from being "instrumentalities of the state" utilized by the state in discharging its duty.

B. *Corporation.* A local hospital authority is legislatively described as "a public body corporate and politic." Code § 88-1803. Code § 114-101 includes within the definition of employer "*any* . . . corporation engaged in *any* business." (Emphasis supplied.) Conversely, Code § 114-107 exempts from coverage "any . . . *private* corporation . . . that has regularly in service less than three employees." (Emphasis supplied.) These sections taken together show that the legislature was

contemplative of the difference in private and public corporations; that it chose to exempt certain private corporations; and that it nowhere sought to exempt any public or quasi-governmental corporations. Reading broadly, as we must, the phrase "any corporation engaged in any business," we conclude that the authority falls within the scope of the inclusion.

3. The Fulton-DeKalb Hospital Authority thus being an employer within Code § 114-101, the Board of Workmen's Compensation had jurisdiction to consider the appellant's claim, and the superior court erred in affirming the finding which dismissed the claim.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

Argued September 21, 1977 — Decided October 28, 1977 — Rehearing denied November 17, 1977 —

*White & Jewett, C. Lawrence Jewett,* for appellant.
*Jones, Bird & Howell, Arthur Howell, III,* for appellee.
*Charles C. King, Jr., Beryl B. Farris,* amicus curiae.