## 33249. FULTON-DeKALB HOSPITAL AUTHORITY v. GAITHER.

BOWLES, Justice.

Certiorari was granted in this case to determine the application of the Workmen's Compensation Act (Code Ann. § 114-101 et seq.) to local hospital authorities.

Respondent, an employee of the petitioner hospital authority, suffered an on-the-job injury. She received full pay and free medical services for several months following her injury under FDHA's on-the-job injury program.

---

When her doctors under the program pronounced her fit to return to work, respondent terminated her treatment at the hospital and filed a claim against FDHA with the State Board of Workmen's Compensation. FDHA filed a timely objection and moved to dismiss the claim on the ground that it was not an employer under the Workmen's Compensation Act, Code Ann. § 114-101, and that the board lacked jurisdiction to hear the claim.

The administrative law judge granted FDHA's motion to dismiss. Fulton County Superior Court affirmed the dismissal. On appeal, the Court of Appeals reversed the judgment of the superior court, finding that the legislature, by amendments to Code Ann. § 114-101 in 1970 (Ga. L. 1970, p. 235) and 1975 (Ga. L. 1975, p. 190), broadened the coverage of Title 114 by expanding the scope of the term "employer" to include local hospital authorities.

The 1970 amendment to Code Ann. § 114-101 added the phrase "instrumentalities and authorities" of the state to the definition of employer. The Court of Appeals found that local hospital authorities, while not state authorities, were instrumentalities of the state and are to be treated as employers under the workmen's compensation law. We disagree.

Local hospital authorities created under the authority of the Hospital Authorities Law, Code Ann. § 88-1801 are local, not state, instrumentalities. The State Constitution empowers counties to operate in the sphere of health care and to utilize local hospital authorities as their own county instrumentalities. Code Ann. §§ 2-6301, 2-6102.

Pursuant to these constitutional provisions and pursuant to a special amendment to Art. VII, Sec. VII, Par. I of the Constitution of 1877 (Ga. L. 1943, p. 18 et seq.; Code Ann. § 2-7002), FDHA entered into a contract with Fulton and DeKalb counties in 1945 whereby the hospital authority acquired and was to operate Grady Memorial Hospital as an instrumentality of Fulton and DeKalb counties. Because under the Constitution and under its contract with Fulton and DeKalb counties the hospital authority is an instrumentality of the county and not of the state, it is not covered by the workmen's compensation

law under its definition of "employer" as a state instrumentality.

Prior to the 1975 amendment, Code Ann. § 114-101 defined an employer to include "any individual, firm, association or corporation engaged in any business operated for gain or profit." Under that law, a local hospital authority was found not to be an employer under the workmen's compensation law. *Richmond County Hospital Authority v. McClain,* 112 Ga. App. 209 (144 SE2d 565) (1965). As amended, the words "operated for gain or profit" were deleted so that an employer is now defined to include "any individual, firm, association or corporation engaged in any business."

When Section 101 read "corporation engaged in any business for gain or profit," it included by definition only the profit-making private business corporation as provided for in Part I, Title 22 of the Georgia Business Corporation Code. Code Ann. § 22-102 (a). The deletion of the words "operated for gain or profit" broadened the coverage of Section 101's definition of employer to include private non-profit corporations as provided for in Part II, Title 22 of the Georgia Business Corporation Code. Code Ann. § 22-2101 et seq.

Section 101's definition of employer does not include all corporations, but specifies corporations engaged in any business are those to which the Workmen's Compensation Act applies. To ignore the important modifying phrase "engage in any business" would distort the meaning of the statute. "Courts should not so interpret a statute as to make parts of it surplusage unless no other construction is reasonably possible. All words of the Legislature, however numerous, ought to be preserved, and effect given to the whole, if it can be done. *Smith v. Davis,* 85 Ga. 625, 631 (11 SE 1024) [1890]; *Hicks v. Smith,* 94 Ga. 809, 815 (22 SE 153) [1894]." *Undercofler v. Colonial Pipeline Co.,* 114 Ga. App. 739, 743 (152 SE2d 768) (1966).

We conclude that "corporations engaged in any business" includes only those corporations governed by the Georgia Business Corporation Code. Hospital authorities are not governed by either section of the Georgia Business Corporation Code, but are expressly exempted therefrom. Code Ann. §§ 22-103, 22-2103. A

hospital authority is a "public body corporate and politic." Code Ann. § 88-1803. They are public corporations having for their object the administration of a portion of the powers of government delegated to it, and are not business corporations.

The 1975 amendment to Code Ann. § 114-101 eliminated the exempted status for nonprofit business corporations under Title 22 and made the workmen's compensation law apply to them as it does to profit-making corporations as set forth in Part I of Title 22. It did not by its language include authorities or other public corporations, and absent an express extension of coverage we will not presume that the legislature intended to effect such a change.

The lower court was correct in finding that a local hospital authority is not covered under the workmen's compensation law and in dismissing the case against FDHA.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Nichols, C. J., and Hall, J., who dissent. Hill, J., disqualified.*

ARGUED APRIL 10, 1978 — DECIDED JULY 6, 1978 — REHEARING DENIED JULY 20, 1978.

*Jones, Bird & Howell, F. M. Bird, Eugene T. Branch, Alexander E. Wilson, Jr., Arthur Howell, III,* for appellant.

*White & Jewett, Robert John White, C. Lawrence Jewett,* for appellee.

HALL, Justice, dissenting.

The most basic rule of the Workmen's Compensation Act is that it shall be liberally construed. The "... words of the statute ... must be construed reasonably and liberally with a view of applying the beneficent provisions of the statute so as to effectuate its purposes, and to extend them to every class of workman and employee that can fairly be brought within the provisions of the Act." *Lee v. Claxton,* 70 Ga. App. 226, 228 (28 SE2d 87) (1943).

I submit that the majority opinion gives the Act a very narrow and mechanical interpretation which is the antithesis of legal realism. The Court of Appeals' opinion in *Richmond County Hospital Authority v. McClain,* 112 Ga. App. 209 (144 SE2d 565) (1965) conceded that there was no logical reason why hospital authorities should not be covered, and called upon the legislature to remedy the matter. One commentator's explanation for the court's failure to hold authorities to be subdivisions of the state was that it "might endanger their basic purpose of borrowing funds without violating the constitutional limitations on public indebtedness." Field, Workmen's Compensation, 22 Mer. L. Rev. 413, 415-416 (1971). By various amendments, compensation coverage at the time of the *McLain* decision had been extended ". . . among public employees, to leave only the employees of public authorities unprotected." Field, Workmen's Compensation, 19 Mer. L. Rev. 220, 221 (1968).

In 1970, the legislature added language to include as employers "instrumentalities and authorities" of the state. Ga. L. 1970, p. 235. This can only mean that the legislature by this amendment intended to include the only class of public employees who were unprotected. It requires no liberality of construction to reach this result. As noted by the Court of Appeals, these authorities were created by the General Assembly and are similar to a local housing authority which has been held by this court to be "an instrumentality of the State. . ." *Knowles v. Housing Authority of Columbus,* 212 Ga. 729, 730 (95 SE2d 659) (1956); *Culbreth v. Southwest Ga. Housing Authority,* 199 Ga. 183, 189 (33 SE2d 684) (1945).

I agree with the Court of Appeals that the 1975 Amendment also includes hospital authorities. Ga. L. 1975, p. 190. It covers "any . . . corporation engaged in any business."[1] The majority opinion adds the following

---

[1] The words "any business" are also found in our long arm statute. Code Ann. § 24-113.1. This court has held that the words cover "the maximum extent permitted by procedural due process." *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 60 (195 SE2d 399) (1972).

additional qualifying language, "corporations governed by the Georgia Business Corporation Code—Chapter 22 et seq." I cannot find this language in the Act as written by the General Assembly.

I am authorized to state that Chief Justice Nichols joins in this dissent.