# 66686. FULTON-DeKALB HOSPITAL AUTHORITY v. DEAN.

McMurray, Presiding Judge.

The sole issue presented on this appeal is whether the Fulton-DeKalb Hospital Authority (FDHA) is an employer for the purposes of the Workers' Compensation Act. The FDHA contends *Fulton-DeKalb Hosp. Auth. v. Gaither,* 241 Ga. 572, 574 (247 SE2d 89) (revg. *Gaither v. Fulton-DeKalb Hosp. Auth.,* 144 Ga. App. 16 (240 SE2d 560)) (1977), controls this case by its 1978 holding that the hospital authority was not an employer and was not a corporation " 'engaged in any business.' " We do not agree. The changes in the definition of employer as now found in OCGA § 34-9-1 (3) (Code Ann. § 114-101) clearly brings the hospital authority within the requirement that it is an employer required to have workers' compensation.

The definition of an employer in OCGA § 34-9-1 (Code Ann. § 114-101) now includes "the State of Georgia and all departments, instrumentalities, and authorities thereof; each county within the state, including . . . any political division thereof; any . . . public or private corporation engaged in any business, except as hereinafter provided." The definition of employer now encompasses a very broad spectrum including the State of Georgia and its various subdivisions including "each county within the state."

Therefore, the State Board of Workers' Compensation (which ruling was affirmed on appeal to the superior court) correctly determined as a matter of law that the 1980 amendment (Ga. L. 1980, p. 1145) to former Code Ann. § 114-101 (now OCGA § 34-9-1, effective November 1, 1982) brought the hospital authority within the definition of employer. In view of the 1980 amendment, supra, the 1978 decision of the Supreme Court in *Fulton-DeKalb Hosp. Auth. v. Gaither,* 241 Ga. 572, 574, supra, as to whether or not the hospital authority was at that point in time included by the most recent legislation (Ga. L. 1970, p. 235 and Ga. L. 1975, p. 190) would not be controlling in the case sub judice. The present definition is ample to declare the FDHA an employer within the Workers' Compensation Act, required to have workers' compensation. See OCGA § 34-9-1 (3) (Code Ann. § 114-101) which adopts in toto the change in the definition of employer following the amendment of Code Ann. § 114-101 in 1980 by Ga. L. 1980, p. 1145.

*Judgment affirmed. Deen, P. J., Carley, Sognier and Pope, JJ., concur. Shulman, C. J., Quillian, P. J., Banke and Birdsong, JJ., dissent.*

Decided November 28, 1983 —

*Eugene T. Branch, Scott R. Owens,* for appellant.
*Arnold S. Kaye,* for appellee.

SHULMAN, Chief Judge, dissenting.

Although I join with the majority in believing that the Fulton-DeKalb Hospital Authority (FDHA) *should* be made an employer for purposes of workers' compensation, I cannot agree that the 1980 amendment to the Workers' Compensation Act brought FDHA within the definition of "employer" as it is used in that Act. That amendment did add public corporations to the list of potential employers, but it did not remove from the definition of "employer" the requirement that it be "engaged in any business." Since there is nothing in the record to indicate that FDHA has begun to engage in business since the Supreme Court held in *Fulton-DeKalb Hosp. Auth. v. Gaither,* 241 Ga. 572 (247 SE2d 89), that it did not, I am constrained to find that FDHA remains outside the statutory definition of an "employer."

While it may have been the intent of the legislature to bring FDHA within the Workers' Compensation Act, the 1980 amendment to that Act did not remove both of the impediments the Supreme Court in *Fulton-DeKalb Hosp. Auth. v. Gaither,* supra, found to be in the way of such an inclusion. For that reason, I respectfully dissent from the judgment of the majority.

I am authorized to state that Presiding Judge Quillian, Judge Banke and Judge Birdsong join in this dissent.