## 74736. CRUMPTON v. KELLY et al.
### (363 SE2d 799)

BENHAM, Judge.

Appellant's suit against appellees for medical malpractice resulted in a jury verdict and judgment thereon for appellees. This appeal is from that judgment and from the denial of appellant's motion to set aside and, in the alternative, for new trial.

1. One of the appellees is the Americus and Sumter County Hospital Authority. Based on the relationship between that party and

Sumter County, appellant sought the disqualification of a prospective juror who was attorney for the Board of Commissioners of Sumter County. Appellant contends that the trial court's refusal to excuse the juror for cause was error. We agree.

This court explained in *Daniel v. Bi-Lo*, 178 Ga. App. 849 (1) (344 SE2d 707) (1986), the importance of not forcing jurors into the position of choosing between adherence to an oath of impartiality and the pecuniary interests of a party with whom the juror has a business relation. Here, the juror is counsel for the governing body of a governmental entity which created one of the parties for the purpose of meeting that entity's responsibility to provide health care to its citizens. "Local hospital authorities created under the authority of the Hospital Authorities Law [Cit.] are local, not state, instrumentalities. The State Constitution empowers counties to operate in the sphere of health care and to utilize local hospital authorities as their own county instrumentalities. . . . [Hospital authorities] are public corporations having for their object the administration of a portion of the powers of government delegated to [them] . . ." *Fulton-DeKalb Hosp. Auth. v. Gaither*, 241 Ga. 572, 573 (247 SE2d 89) (1978). Given the close relationship between the juror's client and the party, we find *Daniel*, supra, compelling authority for the proposition that the trial court should have excused the juror for cause and that appellant is entitled to a new trial.

2. During the trial, counsel for appellant asserted to the trial court that there had been a settlement of the case. Appellees' counsel denied that there had been a meeting of the minds. The trial court declined to enforce the purported settlement agreement, stating that it appeared to be a question of fact. In appellant's remaining two enumerations of error, she contends that the trial court erred by not enforcing the settlement agreement.

Citing *Sollek v. Laseter*, 124 Ga. App. 131 (183 SE2d 86) (1971), appellant contends that she was entitled to a separate hearing on the issue of the settlement before the trial of the underlying case went forward. The record, however, contains no request by appellant for such a hearing. As the case cited by appellant clearly holds, "[t]he granting of a separate trial as to any separate issue is a discretionary matter for the trial judge and there will be no reversal unless there is a clear and manifest abuse of that discretion." Id. at 132. In the absence of any action by appellant to precipitate such a trial or hearing, we find no abuse of discretion in the trial court's failure to afford one.

Appellant also contends that the statements of counsel for both parties in the course of a colloquy on the subject required a finding that her attorney had accepted an offer which had never been withdrawn and that, therefore, the purported agreement existed and was enforceable. We disagree. Although the trial judge could have found

from their statements that an offer had been extended, or that appellee's counsel was aware that appellant's counsel believed an offer remained in effect (see *Cox Broadcasting v. Nat. Collegiate &c. Assn.*, 250 Ga. 391, 395 (297 SE2d 733) (1982)), it could also have found that appellant's counsel had previously rejected the offer he later attempted to accept. Under those circumstances, we find no error in the trial court's holding in its order denying appellant's motion that there had been no meeting of the minds. See *Cross v. Cook*, 147 Ga. App. 695 (250 SE2d 28) (1978).

*Judgment reversed. Banke, P. J., and Carley, J., concur.* ·

DECIDED NOVEMBER 25, 1987 —
REHEARING DENIED DECEMBER 8, 1987 — 

*Charles M. Cork III*, for appellant.
*William U. Norwood III, Randolph B. Jones, Bobby Jones*, for appellees.