A92A0739. CALHOUN COUNTY HOSPITAL AUTHORITY et al. v. WALKER.
(421 SE2d 777)

Sognier, Chief Judge.

Rosalyn Walker brought suit in Dougherty County State Court against the Hospital Authority of Calhoun County and Willie Murray to recover damages for injuries incurred when her car collided in Dougherty County with an ambulance driven by Murray and owned by the hospital authority. The trial court denied the defendants' motion to transfer based on improper venue to Calhoun County, where they both resided, and we granted their application for interlocutory review of that ruling.

1. Appellants contend the trial court erred by denying their motion to transfer based on a finding that appellant hospital authority was a motor common carrier subject to OCGA § 46-7-17 (b), which provides that "any action against any resident or nonresident motor common carrier for damages by reason of any breach of duty . . . may be brought in the county where the cause of action or some part thereof arose." We agree and reverse.

The statute defining all operative terms used in Title 46 of the Official Code of Georgia Annotated defines motor common carrier as "every person owning, controlling, operating, or managing any motor propelled vehicle, and the lessees, receivers, or trustees of such person, used in the business of transporting for hire of persons or property, or both, otherwise than over permanent rail tracks, on the public highways of Georgia as a common carrier." OCGA § 46-1-1 (7) (B). "Person" is defined as "any individual, partnership, trust, private or public corporation, municipality, county, political subdivision, public authority, . . ." OCGA § 46-1-1 (10). Given that ambulance services, both private and county owned, have been held by this court to be common carriers, Wideman v. DeKalb County, 200 Ga. App. 624, 629 (1), 632 (6) (409 SE2d 537) (1991), rev'd on other grounds 262 Ga. 210 (416 SE2d 498) (1992); Bricks v. Metro Ambulance Svc., 177 Ga. App. 62, 63 (1) (338 SE2d 438) (1985), it would appear that unless excepted elsewhere, appellant hospital authority was indeed operating its am-

bulances as a motor common carrier.

However, such an exception is embodied in OCGA § 46-1-1 (7) (C) (viii), which provides that the term motor common carrier shall not include "[m]otor vehicles owned and operated exclusively by the United States government or by this state or any subdivision thereof." Appellant hospital authority is an instrumentality of Calhoun County, and " '[c]ounties are subdivisions of the state government to which the state parcels its duty of governing the people. (Cits.) They are local, legal, political subdivisions of the state, created out of its territory, and are arms of the state, created, organized, and existing for civil and political purposes, particularly for the purpose of administering locally the general powers and policies of the state. (Cits.) . . .' [Cit.]" *Miree v. United States*, 242 Ga. 126, 133 (1) (249 SE2d 573) (1978). This principle has been long established, oft repeated, and frequently stated as a mater of course in both statutes and opinions. See, e.g., OCGA § 33-24-51 (a) (refers to "[a] municipal corporation, a county, or any *other* political subdivision of this state" (emphasis supplied)); *Elbert County v. Ga. Insurers Insolvency Pool*, 185 Ga. App. 803, 804 (366 SE2d 153) (1988) (county entitled to make claim upon insolvency pool for covered claim because, as a political subdivision of the state, it is not exempt under statute exempting a "person" having a stipulated net worth of more than $1 million). Thus, appellant hospital authority is an instrumentality of a subdivision of the state, and accordingly it is included in the exemption provided in OCGA § 46-1-1 (7) (C) (viii).

This construction harmonizes the provisions of OCGA § 46-1-1 (7) (B), (7) (C) (viii), and (10). Where there is an apparent conflict between different sections of a statute, it is the duty of a court to reconcile them, if possible, so as to make them consistent and harmonious with each other. *Board of Trustees &c. v. Christy*, 246 Ga. 553, 554-555 (1) (272 SE2d 288) (1980). In this case, that mandate is easily carried out. OCGA § 46-1-1 is a definitional statute for the entirety of Title 46, which deals with the broad area of public utilities and transportation. Indeed, it is precisely because of the breadth of the application of the definition of "person" in OCGA § 46-1-1 (10) that the legislature found it necessary to enact OCGA § 46-1-1 (7) (C) to exclude certain entities defined in subsection (10) as "persons" from the operation of Chapter 7 of the Title pertaining to motor carriers. Counties, by virtue of their being political subdivisions of the state, are among those excluded by OCGA § 46-1-1 (7) (C) (viii). The legislature is presumed to have acted with the knowledge that under the law of this state counties had long been considered subdivisions of the state, *City of Fitzgerald v. Newcomer*, 162 Ga. App. 646, 648 (1) (291 SE2d 766) (1982), and thus we attach no significance to the absence of the words "county" and "public authority" in OCGA § 46-1-1 (7)

(C) (viii). See generally *Nelson v. Spalding County*, 249 Ga. 334, 335 (290 SE2d 915) (1982) (construed former state constitutional provision that reserved sovereign immunity only "to the state" to mean such immunity also included both state agencies and counties); see generally *Georgia Cas. &c. Co. v. Jernigan*, 166 Ga. App. 872, 873-874 (1) (305 SE2d 611) (1983).

*Fulton-DeKalb Hosp. Auth. v. Gaither*, 241 Ga. 572 (247 SE2d 89) (1978), cited by the dissent, does not require a contrary result. The only question addressed in *Gaither* was whether county hospital authorities were employers "engaged in business" for purposes of the workers' compensation law then in effect. Id. at 574. The applicability of Title 46 was not in issue there and was not addressed. *Gaither* was superseded by the 1980 legislative changes in the definition of employers required to have workers' compensation insurance, see OCGA § 34-9-1 (3), as recognized in *Fulton-DeKalb Hosp. Auth. v. Dean*, 169 Ga. App. 277 (312 SE2d 156) (1983). In addition, as pointed out by the dissent in *Gaither*, id. at 576, local housing authorities, created by the General Assembly in similar fashion, have been held to be instrumentalities of the state. See, e.g., *Knowles v. Housing Auth. of Columbus*, 212 Ga. 729, 730 (95 SE2d 659) (1956); *Culbreath v. Southwest Ga. &c. Housing Auth.*, 199 Ga. 183, 189 (33 SE2d 684) (1945).

In all interpretations of statutes, we must attempt to ascertain the intention of the legislature. OCGA § 1-3-1; *Roman v. Terrell*, 195 Ga. App. 219, 221 (3) (a) (393 SE2d 83) (1990). The purpose of the Hospital Authorities Law is "to authorize counties and municipalities to create an organization which could carry out and make more workable the duty which the State owe[s] to its indigent sick." *DeJarnette v. Hosp. Auth. of Albany*, 195 Ga. 189, 200 (1) (23 SE2d 716) (1942). Given that hospital authorities are designated by the state to carry out a delegated state function, we cannot justify an interpretation of the statute that would make vehicles owned by such authorities subject to the operation of the motor carrier act when performing these state functions, when identical vehicles, performing identical functions, are exempted merely because they are owned and operated by the state.

2. It follows that since venue as to appellant hospital authority is improper in Dougherty County, it is also improper against appellant Murray. Although Georgia law provides that actions against "joint tort-feasors . . . residing in different counties" may be tried in either county, Ga. Const. Art. VI, Sec. II, Par. IV; OCGA § 9-10-31, the hospital authority and Murray both "reside" in Calhoun County, and thus these provisions do not apply. The trial court erred by denying appellants' motion to transfer.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Pope,*

*Beasley, Andrews and Johnson, JJ., concur. Carley, P. J., and Cooper, J., dissent.*

COOPER, Judge, dissenting.

I must respectfully dissent, as in my view appellant hospital authority is not a subdivision of the state and therefore not exempt pursuant to OCGA § 46-1-1 (7) (C) (viii) from venue provisions governing actions against motor common carriers.

The Georgia Supreme Court and this court have recognized that "[l]ocal hospital authorities created under the authority of the Hospital Authorities Law [cit.] are local, not state instrumentalities. The State Constitution empowers counties to operate in the sphere of health care and to utilize local hospital authorities as their own county instrumentalities. [Cit.]" *Fulton-DeKalb Hosp. Auth. v. Gaither*, 241 Ga. 572, 573 (247 SE2d 89) (1978); *Crumpton v. Kelly*, 185 Ga. App. 245 (1) (363 SE2d 799) (1987). In *Gaither*, the issue was whether local hospital authorities were within the statutory definition of "employer" in the Workmen's Compensation Act. At the time *Gaither* was decided, the definition of employer included " 'instrumentalities and authorities' of the state." Id. at 573. The court held that "[hospital authorities] are public corporations having for their object the administration of a portion of the powers of government delegated to [them]. . . ." Id. at 575. Therefore, the Fulton-DeKalb Hospital Authority was deemed an "instrumentality of the county and not of the state." Id. at 573. Later, in *Fulton-DeKalb Hosp. Auth. v. Dean*, 169 Ga. App. 277 (312 SE2d 156) (1983), the court noted that the definitional statute of employer was changed to include " 'the State of Georgia and all departments, instrumentalities, *and authorities thereof*; each county within the state, *including . . . any political division thereof. . . .*' " (Emphasis supplied.) Id. at 277. Thus, a local hospital authority was brought within the definition of employer.

Appellant hospital is an instrumentality of Calhoun County. While I would agree with the majority that a county is a subdivision of the state, without language similar to that discussed above, I cannot concur that the General Assembly intended to exempt local hospital authorities from the venue provisions applicable to motor common carriers.

DECIDED JULY 16, 1992 —
RECONSIDERATION DENIED JULY 30, 1992 — 

*Watson, Spence, Lowe & Chambless, W. Earl McCall, Joseph W. Dent*, for appellants.

*B. T. Edmonds, Jr.*, for appellee.

*Middleton & Anderson, Elizabeth F. Bunce, David W. Boone*, amici curiae.