A00A2044. WILLIAMS v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.
(542 SE2d 199)

ELDRIDGE, Judge.

This case raises the issue (1) whether the Metropolitan Atlanta Rapid Transit Authority ("MARTA") comes under the Georgia Employer's Liability Act ("GELA") as a "common carrier" under OCGA § 34-7-40 et seq., excluding coverage under the Workers' Compensation Act ("WCA") pursuant to OCGA § 34-9-1 et seq., or (2) whether MARTA, under OCGA § 34-9-1 et seq., is a common carrier that comes under the WCA. We find that, while MARTA is a common carrier and operates rail transportation, the General Assembly did not intend that it come under GELA but intended it to come under the WCA, as do all other authorities, whether state or local.

Fred Williams was an employee of MARTA when he received catastrophic injuries arising out of and in the course of his employment as a MARTA employee; he and his wife, Melissa Anne Williams, sued MARTA in tort. MARTA answered and raised an exclusive workers' compensation defense. The trial court entered a summary judgment for MARTA on this defense.

Plaintiffs contend that the trial court erred in granting summary judgment, because MARTA is a "common carrier by railroad." We do not agree.

MARTA, by creation and legislative enactment of the General Assembly, is a state-created local public authority. By definition of such an employer, it comes under OCGA § 34-9-1 (3), as do all other authorities; such limited coverage was a condition of an authority's waiver of sovereign immunity. Although this is a case of first impression, the courts have treated MARTA as subject to the WCA. See *Parsons Brinckerhoff/Tudor v. Bowman*, 171 Ga. App. 496 (321 SE2d 221) (1984); see also *MARTA v. Ledbetter*, 184 Ga. App. 518 (361 SE2d 878) (1987); *MARTA v. Powell*, 198 Ga. App. 811 (402 SE2d 805) (1991).

MARTA is a local authority; as a local authority, MARTA has expressly waived sovereign and governmental tort immunity as a part of its creation and waived tort immunity. See Ga. L. 1965, pp.

2243, 2275, § 22; Ga. L. 1971, pp. 2092, 2101, § 22; *Campbell v. Ga. Dept. of Corrections*, 268 Ga. 408, 410 (490 SE2d 99) (1997); *Glover v. Donaldson*, 243 Ga. 479, 481 (254 SE2d 857) (1979).

Thus, under OCGA § 34-9-1 (3), the WCA defines "employer" as the "State of Georgia and all departments, instrumentalities, and authorities thereof"; authorities are subject to workers' compensation by express legislative mandate. See *Nunnally v. Fulton-DeKalb Hosp. Auth.*, 171 Ga. App. 12 (318 SE2d 759) (1984); *Fulton-DeKalb Hosp. Auth. v. Dean*, 169 Ga. App. 277 (312 SE2d 156) (1983).[1] While MARTA, as a local authority, is expressly excluded from sovereign immunity and governmental immunity, such waiver was conditioned upon MARTA's being governed by the WCA as all other authorities. See generally *Campbell v. Dept. of Corrections*, supra at 410; *Glover v. Donaldson*, supra at 481.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 14, 2000 —
RECONSIDERATIONS DENIED NOVEMBER 29, 2000 — 

*Butler & MacDougald, Larry K. Butler, Daniel MacDougald III, David A. Webster*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Walter B. McClelland, Goodman, McGuffey, Aust & Lindsey, C. Wade McGuffey, Jr., Jennie R. Halenza, Robert J. Routman*, for appellee.

---

[1] Prior to the passage of OCGA § 34-9-1 (3) in Ga. L. 1980, p. 1145, § 1, in *Fulton-DeKalb Hosp. Auth. v. Gaither*, 241 Ga. 572 (247 SE2d 89) (1978), the Supreme Court held that a hospital authority was a local authority with the rights, privileges, and immunities thereof. As a consequence, such an authority could not be liable for workers' compensation liability absent legislation.