### 15302.  SITTON *v.* TURNER.

LUKE, J.   1. The judgment of the court below in this case was affirmed by the Court of Appeals on June 10, 1924 (32 *Ga. App.* 401, 123 S. E. 750). Certiorari was granted, and the Supreme Court held: (*a*) "The general lien given by section 3348 of the Civil Code (1910) to the landlord who furnishes to his tenant supplies necessary to make a particular crop is the equivalent, as to goods of the tenant upon which the aforesaid lien is foreclosed in accordance with the provisions of section 4356 of the Code of 1910, to the common-law distress. The lien does not ripen until its foreclosure, but it exists from the time the necessary supplies are furnished and supplied by the landlord; and the lien of the landlord thus foreclosed is not one obtained through legal process. within the meaning of the anti-preference provisions of the bankruptcy law as embodied in section 67f of the act of 1898 (1 Fed. Stat. Ann. 1130). *Moseman* v. *Comer,* 160 *Ga.* 106. (*b*) The bankruptcy act of 1898 differs from the provisions of the bankruptcy act of 1867, in the preservation of statutory liens such as that involved in this case; and for that reason the ruling of this court in *Rountree* v. *Rutherford,* 65 *Ga.* 434, based upon the provisions of the act of 1867, has no bearing upon the provisions of the bankruptcy act of 1898. 'The general provisions of the bankruptcy act of 1898 indicate a purpose and intent, as against general creditors, to preserve rights such as those given by the Georgia statute to landlords, even though not enforced until within four months of the bankruptcy.' Henderson *v.* Mayer, 225 U. S. 631, 632." 160 *Ga.* 215 (127 S. E. 847).

2. In accordance with the foregoing ruling, the judgment of the Court of Appeals, reversing the judgment of the trial court (32 *Ga. App.* 401), is vacated, and this court now holds that the lien of the landlord was enforceable, and that the property of the tenant, although he had been

adjudicated a bankrupt, was not discharged from liability thereunder.
*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
DECIDED MAY 14, 1925.

. Lien foreclosure; from city court of Floyd county—Judge Bale. December 29, 1923.

*M. B. Eubanks,* for plaintiff in error. *Harris & Harris,* contra.