24203. CITY COUNCIL OF AUGUSTA *et al. v.* BUTLER.

STEPHENS, J. 1. Where, by a contract between the board of trustees of the Medical College of Georgia, and the City of Augusta by and through the City Council of Augusta, the city erected at its expense, upon land belonging to the board of trustees of the Medical College of Georgia, a hospital known as "University Hospital," and it was agreed that the college would look after the sick poor of the city in the hospital without

any charges or cost, and the city annually appropriated a sum of money for the operation and maintenance of the hospital, and in addition paid to the college the sum of $10,000 annually, and where by virtue of an ordinance of the city council the management and control of the hospital was vested in "the executive committee," of the faculty of the medical department of the University of Georgia elected by a majority of the executive faculty of the hospital, which committee has complete control of the affairs of the hospital and its upkeep, as well as the medical and surgical control, with power and authority to employ and discharge all necessary help at the hospital with the exception of the superintendent or manager of the hospital, who is appointed by the executive committee subject to confirmation by the board of trustees of the hospital, the board of trustees being composed of the mayor of the City of Augusta and certain officials of the city, and several citizens elected by the "executive faculty" of the medical college, but which citizen members of the board may be removed at any time, the hospital is maintained and operated by the City of Augusta through the board of trustees chosen jointly by the city and the medical college acting by and through the executive committee of the college, which has active management and control of the hospital. A person employed to work in the laundry of the hospital as a laborer for wages, who is hired by the superintendent of the laundry and who is subject to discharge by the superintendent of the laundry and the superintendent of the hospital, "and who is paid his wages out of the common fund appropriated by the city for the maintenance of the hospital, used in the operation of the hospital, which consists of the fund appropriated by the city for its maintenance and funds appropriated by the county of Richmond and the Medical College," is an employee of the City of Augusta. See *Lentz* v. *Augusta*, 48 *Ga. App.* 555 (173 S. E. 406).

2. This being a claim against the City of Augusta for compensation under the Georgia workmen's compensation act for an injury which resulted in the amputation of the claimant's finger, caused from an infection from a needle sticking into the finger while the claimant was handling clothes in the laundry in the discharge of the duties of his employment, and although assuming as contended by the city that the infection was due to the claimant's refusal to accept immediate medical or surgical treatment which was offered him, the injury was not caused by a wilful act of the claimant such as would bar him from compensation under section 14 of the workmen's compensation act. Ga. L. 1920, pp. 167, 177.

3. The evidence authorized the inference that the claimant accepted the medical treatment offered him by the city or those in authority at the hospital where the claimant was employed, and it does not appear as a matter of law that he was barred from compensation as provided in section 26 of the workmen's compensation act (Ga. L. 1920, pp. 167, 181), for a refusal to accept medical treatment offered him.

4. The award of compensation by the director of the Department of Industrial Relations was authorized, and the superior court did not err in affirming this award on appeal.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 22, 1935. REHEARING DENIED MARCH 3, 1935.

840

William T. Gary, Bussey & Fulcher, C. Wesley Killebrew, for plaintiff in error. *Fleming & Fleming*, contra.