34523. CITY OF BRUNSWICK *v.* TAYLOR.

DECIDED MARCH 12, 1953.

*B. N. Nightingale,* for plaintiff in error.

*Ewing & Farrar,* contra.

Townsend, J. A city may operate an amusement park for profit, and it retains a measure of control over the premises when the operation of the park is vested in a committee composed partly of members of the city council. *Davis* v. *City of Atlanta,* 84 *Ga. App.* 572 (66 S. E. 2d, 188). From this it follows that a city which operates a recreation field for profit, under an ordinance placing sole control of such field in a board appointed by the city commission, retains sole control over the operation of such premises by and through such board as its agent and creature. The test as to who is the manager or employer is the same in workmen's compensation cases as in master and servant cases generally, and is determined by the facts: (1) that the special master must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the hirer must have exclusive right to discharge the servant, and (4) to put another in his place, or (5) to put him to other work. *Georgia Ry. & Power Co.* v. *Middlebrooks,* 34 *Ga. App.* 156 (128 S. E. 77); *Brown* v. *Smith,* 86 *Ga.* 274 (12 S. E. 411).

It is obvious here that the city had exclusive right to hire and fire the deceased, to control and direct his activities, to give him other duties, or to give another his duties, and that the county had no such authority or control. The City of Brunswick appears to have had an agreement with the County of Glynn similar to that under consideration between the same governmental bodies in *City of Brunswick* v. *King,* 65 *Ga. App.* 44 (14 S. E. 2d, 760), where the city, through its manager, supervised and maintained a toll bridge and hired employees, which employees were paid at the office of the county commissioners with funds collected from the management of the toll bridge and turned over to the county for payment of expenses, the surplus being divided between the city and county. It was held in that case that an employee who was accidentally killed while engaged in the maintenance of the bridge was an employee of the City of Brunswick so as to be entitled to workmen's compensation. Likewise, in *City Council of Augusta* v. *Butler,* 50 *Ga. App.* 838 (179 S. E. 149), where a hospital was maintained and operated

by the city through a board of trustees chosen jointly by the city and the Medical College of Georgia on land owned by such trustees, and by city ordinance the management and control of the hospital was vested in an executive committee of the college faculty, an employee of such hospital was deemed an employee of the city for purposes of workmen's compensation. These cases rest on the principle that, although there is a working arrangement between two corporations or governmental bodies, the one which has the direct supervision and control of the employee is to be considered the master or employer for purposes of compensation. In this connection, see also *United States Fidelity &c. Co.* v. *Stapleton,* 37 *Ga. App.* 707 (1) (141 S. E. 506) ; *Small* v. *NuGrape Co. of America,* 46 *Ga. App.* 306 (167 S. E. 607).

When the City of Brunswick by ordinance set up a Recreation Board, consisting of persons appointed by the City Commission, to have sole control and authority of the project on which the deceased was working, and also of the activities of the deceased, his salary being paid in part directly by the city and in part from the proceeds of the project, the Recreation Board was the agent of the city to employ the claimant's husband, and the latter was, in contemplation of law, the employee of the city. Accordingly, the award in favor of the claimant was authorized, and the trial court did not err in affirming the same.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*