37710. STATE DEPARTMENT OF REVENUE *v.* McCRAY *et al.*

DECIDED MARCH 18, 1960—REHEARING DENIED
MARCH 24, 1960.

*Eugene Cook, Attorney-General, John L. York, Assistant Attorney-General, Ben Johnson,* for plaintiff in error.

*Smith, Gardner, Kelley & Wiggins, B. C. Gardner, Jr., D. C. Campbell, Jr., H. G. Rawls,* contra.

FELTON, Chief Judge. ■ The motion to dismiss the writ of error is denied. *State Department of Revenue* v. *McCray,* 215 *Ga.* 678 (113 S. E. 2d 132).

■ It is contended by the State Department of Revenue that the evidence is insufficient to support the award of compensation against it. The principle that the award of the board will not be disturbed by this court if there is any evidence to support it is now too well established to require citation. Construed most favorably to the claimant, the evidence discloses that there existed an arrangement between the State warehouse and the Georgia Crown Distributing Company whereby the company's whisky was stamped and unloaded directly from the boxcar onto its truck for direct transportation to its storage facilities and that this arrangement was to the mutual benefit of both parties, since it eliminated the necessity of unloading from the boxcar into the State warehouse at State expense and thence to the truck at company expense. This is not a case of two State employees assisting two company employees in the unloading operation, since the uncontradicted evidence discloses that each party paid one half of the wages of all four employees and that all arrangements as to obtaining extra workers, transporting them to the boxcar, and seeing that the cases of whisky were loaded onto the truck were in charge of certain regular employees of the Georgia Crown Distributing Company. Under these circumstances there

was no more than a mere working arrangement between the State warehouse and the distributing company, and as between these two parties the one which has the direct supervision and control of the employee is to be considered the master or employer for purposes of compensation. *City of Brunswick* v. *Taylor,* 87 *Ga. App.* 751, 754 (75 S. E. 2d 203).

It is contended by the defendants in error that this principle does not apply "in situations where the record discloses, without dispute, for whose benefit the claimant was working at the time he was injured." No authority is cited in support of this contention. While the circumstance of mutual benefit is one factor to be considered, the true test to be applied is whether the State Department of Revenue, through its warehouse agents, had or assumed the right of control over the time, manner and method of the unloading operation. *Smith* v. *Globe Indemnity Co.,* 89 *Ga. App.* 498 (80 S. E. 2d 57), and cases cited. The evidence fails to show that the officials of the State warehouse did anything more than to notify the distributing company that its carload of whisky had arrived, permit it to be unloaded directly onto the company's truck, collect the tax and warehouse charges and pay half the cost of the unloading operation, which was undertaken entirely by the employees of the distributing company and the claimant, whose services they obtained. This does not amount to control over the time, manner and method of the unloading operation. Accordingly, there is no evidence in the record to support the awarding of compensation against the Georgia State Department of Revenue and such award must be set aside. Because of this ruling it is unnecessary to consider the assignments of error concerning certain proceedings which took place in the absence of counsel for the plaintiff in error and other matters.

The court erred in affirming the award of the director in favor of the claimant in so far as the Georgia State Department of Revenue is concerned.

The judgment is reversed with direction that the presiding judge remand the case to the State Board of Workmen's Compensation with direction that the entire award be entered against the Georgia Crown Distributing Company.

*Judgment reversed with direction. Nichols and Bell, JJ., concur.*