## 52186. GEORGIA DEPARTMENT OF HUMAN RESOURCES et al. v. DEMORY.

CLARK, Judge.

The sole question presented by this workmen's compensation appeal is whether claimant was an employee of the Hall County Health Board or the Georgia Department of Human Resources. Reversing the decision of the administrative law judge, the full board determined that claimant was an employee of the Department of Human Resources and that, therefore, the state, not Hall County, was liable for compensation. The superior court affirmed the full board's finding and this appeal followed.

1. Although the General Assembly recently decreed that employees of county health boards are employees of the state for purposes of workmen's compensation coverage (Ga. L. 1975, p. 1231 (Code Ann. § 114-101)), this claim arose prior to that legislative enactment. Accordingly, we must determine whether claimant was a state or county employee under the workmen's compensation law prior to this 1975 enactment.

2. Unlike County Departments of Family and Children Services, county boards of health are not

instrumentalities of the Department of Human Resources. Compare Code Ann. Ch. 99-5 with Code Ann. Ch. 88-2. The county and its board of health possess exclusively the powers of appointment and employment. Code Ann. § 88-211. Compare Code Ann. § 99-504. Although the county health board must implement regulations of the Department of Human Resources (Code Ann. § 88-203), the state department cannot control the means by which its regulations are implemented. Code Ann. Ch. 88-2. Compare Code Ann. § 99-109.

This is not to say that a county health department employee could not be deemed an employee of the state under the former workmen's compensation law if the facts are sufficient to create such legal status. But in determining whether the county or the state was the employer of the claimant for workmen's compensation purposes, the following factors are most important: (1) which "employer" had the right to control and direct the claimant and (2) which "employer" had the right to hire and discharge the claimant. *City of Brunswick v. Taylor,* 87 Ga. App. 751, 753 (75 SE2d 203). See *Royal Indem. Co. v. Humphries,* 90 Ga. App. 567 (83 SE2d 565); *State Dept. of Revenue v. McCray,* 101 Ga. App. 348 (114 SE2d 64). For "although there is a working arrangement between two corporations or governmental bodies, the one which has the direct supervision and control of the employee is to be considered the master or employer for purposes of compensation." *City of Brunswick v. Taylor,* 87 Ga. App. 751, 754, supra. Compare *State Dept. of Family & Children's Services v. Lassiter,* 113 Ga. App. 462 (148 SE2d 453).

3. Here the crucial evidence shows that claimant was hired, supervised, and subject to being discharged by the Hall County Health Board. The State Department of Human Resources had no control over the time, manner or method of claimant's work. Accordingly, under the principle set forth in *City of Brunswick v. Taylor,* supra, claimant must be deemed to have been an employee of the Hall County Health Department, and not an employee of the Georgia Department of Human Resources.

4. The judgment is reversed with direction that the superior court remand the case to the State Board of

Workmen's Compensation with direction that the award be entered against the Hall County Health Department.

*Judgment reversed with direction. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MAY 3, 1976 — DECIDED MAY 12, 1976 — REHEARING DENIED JUNE 10, 1976 —

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Attorney General, Don A. Langham, Deputy Attorney General, Michael J. Bowers, Senior Assistant Attorney General, J. David Dyson, Assistant Attorney General,* for appellants.

*Stow, Garvin & Glenn, James A. Glenn, R. Thomas Jarrard,* for appellee.