## 56183. BITUMINOUS CASUALTY CORPORATION v. ASHBAUGH et al.
## 56184. SPALDING COUNTY HEALTH DEPARTMENT v. ASHBAUGH et al.

WEBB, Judge.

The controlling issue in this workmen's compensation claim is whether the policy of insurance issued by Bituminous to Spalding County for the annual period of 1971-1972 covered the employees of the Spalding County Health Department, who were not specifically named. We conclude that they were covered.

1. The policy in effect was for standard workmen's compensation and employers liability, and named the insured as "Spalding County Commissioners of Roads & Revenue, Griffin, Spalding County, Georgia." The entity insured was described by placing an "x" by the word "Corporation" beneath the named insured. Bituminous argues that under *Aetna Cas. &c. Co. v. Shuman,* 237 Ga. 403 (228 SE2d 809) (1976), no coverage should exist because the claimant was not an individual employee of the commissioners, but of the county. In the *Shuman* case, however, the word "corporation" had not been checked to indicate the intent of the parties as to the entity insured, and the claimant was a county employee under the ultimate control of the county school board.

Under the policy here Bituminous undertook to insure all "Municipal, township, county or state employees N. O. C. [not otherwise covered]. . .," and "To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law." Code Ann. § 114-101 defines a county as an employer and expressly provides that all full-time county employees are "specifically included" in the statutory definition of employees. Rule 4 of the Rules and Regulations of the State Board of Workmen's Compensation in effect at the time of this action required all employees coming under the Workmen's Compensation Act to be covered by the company on the risk. See Appendix, Title 114, p. 318. It was established in *Ga. Dept. of Human Resources v. Demory,* 138 Ga. App. 888 (227 SE2d 788) (1976) that prior to the enactment of

Ga. L. 1975, p. 1231 (Code Ann. § 114-101), employees of county health departments are county employees. The *Shuman* case is clearly not controlling.

2. Nor do we agree that Bituminous can deny coverage because the Spalding County Health Department employees were not specifically named in the policy issued to the county. Rule 4 requires that "A compensation policy must cover all of the operations of a given business," and provides that "A municipality or a county is each a general business and the different departments must not be divided into groups and separate groups placed in different companies." Appendix, Title 114, p. 318. The branch manager of Bituminous testified that he was familiar with Rule 4. Its premium auditor testified that he did not ask about health department employees, and that he got all the information he requested. The branch manager further testified that "The truth is that we failed to get all the information, I suppose, that was available. We asked if this was the entire county operation and our agent replied that it was and the policy was issued on that basis, if anyone else should be included."

"'Our courts hold that contracts of insurance are to be construed most strongly against the insurer and in favor of the insured. [Cits.]. . . Also, that where the terms of an insurance policy will bear two interpretations, that one will be adopted which sustains the claim for indemnity. [Cits.]'" *State Farm Fire &c. Co. v. Rowland*, 111 Ga. App. 743, 744-745 (143 SE2d 193) (1965).

By checking the word "corporation" the parties to this contract indicated their intent to furnish Spalding County, a corporation, workmen's compensation and liability coverage for its employees. Under the above authorities any ambiguity in the status of the claimant must be construed against the insurer, and it is apparent that the intent of the parties was to insure all Spalding County employees as required by law.

3. Because of our affirmance of the award it is unnecessary to consider the cross appeal of Spalding County contending that certain other insurance policies were erroneously not admitted in evidence.

*Judgment affirmed in the appeal and cross appeal. Quillian, P. J., and McMurray, J., concur.*

ARGUED JULY 11, 1978 — DECIDED SEPTEMBER 6, 1978 — REHEARING DENIED OCTOBER 5, 1978 IN CASE NO. 56183 —

*Sartain & Carey, Robert L. Husby, Jr., Joe B. Sartain, Jr.,* for appellant (Case No. 56183).

*Seay, Sims & Park, Clifford Seay, Beck, Goddard, Owen & Murray, J. C. Owen, Jr., Samuel A. Murray,* for appellees (Case No. 56183).

*J. C. Owen, Jr., Samuel A. Murray,* for appellant (Case No. 56184).

*Clifford Seay, Robert L. Husby, Jr.,* for appellees (Case No. 56184).