*Robert G. Tanner,* for appellee.

## 58502. HORNE v. SKELTON.

CARLEY, Judge.

In early 1978 the director of the Montgomery County Department of Family and Children Services (DFCS) announced her intention to retire. The county board of family and children services, pursuant to Code Ann. § 99-504, considered the qualifications of three applicants and recommended to the appellee-commissioner of Human Resources (commissioner) that appellant be appointed to the county directorship. Thereafter, certain local "concerns" over the appointment of appellant to the position were raised to the commissioner. These "concerns" centered on the fact that, while appellant was employed by the county DFCS, her mother-in-law, a Montgomery County resident, was convicted of welfare fraud. While there was no question raised as to appellant's personal involvement in the matter, the local "concerns" expressed to the commissioner caused him to question "the potential negative impact that [it] might have on the public image of our programs in the county and of [appellant's] ability to adequately lead the county department in terms of the leadership role relating to our social welfare programs." The commissioner met with appellant and discussed her recommendation and the "concerns" raised about her possible appointment. At the conclusion of the meeting the commissioner determined that he would not follow the recommendation of the county board and declined to appoint appellant to the directorship. Appellant was informed that the commissioner viewed the welfare fraud conviction of her mother-in-law and public reaction thereto "as a serious impediment to [her] accomplishing a major responsibility of a county director, i.e., creating a positive public image regarding the need for and the efficient administration of social welfare programs."

Appellant appealed to the State Personnel Board.

The hearing officer found that the commissioner considered the recommendation of the county board but, as appointing authority, rejected that recommendation; that the commissioner considered the image of a county DFCS as a welfare agency is important in any particular county and is important to the viability of its functions; that the commissioner based the decision on his evaluation of appellant's effectiveness as county director as perceived by the people in the community and not on political pressure; that failure to consider the community's reaction to appellant's effectiveness, if selected, would have been a dereliction of the commissioner's duty; and that the commissioner had sufficient evidence before him on which to base his decision not to appoint appellant. The hearing officer recommended appellant's appeal be denied but that she continue to be "considered" for the county DFCS directorship and, if not selected, be considered for other county director positions and/or higher level positions. The State Personnel Board adopted the hearing officer's finding and conclusions and denied appellant's appeal, "with the understanding that [she] be considered for the position of Director and/or other higher level positions for which she is qualified and applies."

Appellant appealed to the Superior Court of Montgomery County. The commissioner stipulated that "as long as the reasons and circumstances upon which the Commissioner of the Department of Human Resources relied in making his decision not to appoint Leila Horne as Director of the Montgomery County Department of Family and Children Services continue to remain unchanged, Ms. Horne will not be promoted to the position of Director." The superior court, after hearing arguments and reviewing the extensive record, concluded that the commissioner's actions were lawful and not in violation of appellant's rights. The appeal was dismissed.

Appellant now appeals to this court.

1. Appellant first contends that, as the applicant indorsed by the county board, the commissioner had no authority to refuse her appointment. "It shall be the duty of the county board of family and children services upon procuring from the State Merit System of Personnel

Administration a register of qualified applicants for county directors to recommend from said register to the Commissioner of Human Resources one name for appointment to this position. The Commissioner of Human Resources is hereby designated as the appointing authority for said department . . ." Code Ann. § 99-504. Appellant's argument is clearly meritless. While the county board is authorized to "recommend" from a slate of qualified applicants, and such recommendation may be due great weight and deference, the ultimate authority to make the appointment to fill the county directorship is in the commissioner. Code Ann. § 40-2202 (9). As the administrative officer with the express power to make the appointment, it follows by necessary implication that the commissioner has the authority to decline to follow the county board's recommendation. *Bentley v. State Board of Medical Examiners,* 152 Ga. 836 (111 SE 379) (1922).

Having determined that the commissioner had the authority to decline to follow the recommendation of the county board, we turn to the issue of the permissible limits of the exercise of this authority and whether the commissioner exceeded those limits under the circumstances here. Appellant was and is an employee covered by the State Merit System and, as such, her employment is governed by Ga. L. 1975, p. 79, as amended; Code Ann. § 40-2201 et seq. "[I]t is the declared policy of the State that the Merit System hereby established be applied and administered in accordance with the following principles: . . . Equal opportunity for competent employees to be promoted within the service." Code Ann. § 40-2202 (b) (3). It is clear that the commissioner could not exercise his authority to decline the appointment based upon appellant's race, color, sex, age, national origin, physical handicaps, political or religious opinions or affiliations. Code Ann. § 40-2201 (b) (1). However, there is no charge that the commissioner based his decision upon any one or a combination of these factors. The issue presented is whether adverse community reaction to an applicant is an element to be considered in, and can serve as the grounds for, the commissioner's decision to decline to appoint an applicant recommended by the local board for the county DFCS directorship. The directorship

appellant seeks is the most visible and important position in the department charged with the administration of all forms of public assistance in the county. Code Ann. § 99-501 et seq.

The county department is an instrumentality of the Department of Human Resources. Cf. *Ga. Dept. of Human Resources v. Demory,* 138 Ga. App. 888 (227 SE2d 788) (1976). As the appointing authority for the county directorships, the commissioner's perspective must be broader than that of the recommending local board. From his point of view, consideration of a recommended applicant's qualifications and capabilities must be coupled with a consideration of the effect an appointment will have upon the effectiveness of the local department and, ultimately, upon the entire Department of Human Resources. Since the goal of the merit system is to secure employees "to render impartial service to the public at all times" the commissioner should be allowed to consider unfavorable reaction to the proposed appointment by the very public the applicant would be obligated to serve. Likewise, if the commissioner determines that the local concern and reaction to the selection of the recommended applicant — arising not from the applicant's race or other impermissible criterion but from the public's perception of the applicant's ability to render them impartial service — would proximately result in the diminution of effectiveness to run the department, and would result in an adverse public image for the county and state departments, the commissioner should not be required to ignore such considerations in his capacity as appointing authority.

While the merit system was created to protect state employees, it must be borne in mind that state employees serve the public and the public's concerns and the public's reactions to an appointment clearly must be considered in the formulation of the commissioner's decision to accept or reject the recommendation of a local board. We agree with the State Personnel Board that the commissioner's failure to give consideration to the public's reaction to appellant's appointment and her diminished effectiveness as county director resulting from those concerns would have been a dereliction of his duties as authority to

appoint a county director to serve the people of Montgomery County and of his duties as head of the Department of Human Resources.

There is no doubt appellant has an excellent record and is otherwise qualified to serve as a county director. There is no evidence that appellant, as an employee of the county department, was in any way involved with or knew of her mother-in-law's welfare fraud. It is unfortunate that the public would use this circumstance to reflect unfavorably on appellant's otherwise impeccable credentials and thus diminish her effectiveness as county director and the efficient administration of social welfare programs. But that such unfavorable reaction to the appointment would likely result and that it would create an adverse image for the county and state departments are factual conclusions amply supported by the record in this case. The superior court did not err in upholding the commissioner's decision to decline to appoint appellant to the position. *Hall v. Ault*, 240 Ga. 585 (242 SE2d 101) (1978).

2. Appellant seeks to characterize the commissioner's decision as an "adverse action affecting her employment status" and urges that it was erroneous because it was based on adverse public reaction to her appointment, which is not "good cause" as "specified in the rules and regulations of the State Merit System." Code Ann. § 40-2207. Rule 15.101 of the Rules and Regulations of the State Merit System of Personnel Administration define "adverse" action as "an action taken for cause by an appointing authority or his designee which results in the suspension without pay, demotion, disciplinary reduction in salary, or dismissal of a permanent employee." Appellant has not been terminated, demoted, suspended or reprimanded. She continues to hold her position with the county department.

Appellant never held the position of the county director. She merely has not been appointed to that office after being recommended therefor by the county board. This decision was made by the commissioner, as appointing authority, to fill the position. The commissioner's decision to refuse to make the appointment was within his authority and was based upon

permissible criteria related to her effectiveness to fill the position. Appellant has suffered no "adverse action" within the meaning of Code Ann. § 40-2207 and the absence of any specific rule or regulation authorizing actions taken by the commissioner clearly within his authority to *fill* a position affords appellant no basis for arguing that a different result from that reached in Division 1 of this opinion is required.

3. Appellant urges that the commissioner's stipulation in the superior court that "as long as the reasons and circumstances" upon which he relied in declining to appoint appellant to the position remained unchanged he would not promote her demonstrates the commissioner's refusal to comply with the State Personnel Board's decision that she be "considered" for the position. This argument is clearly meritless.

The board dismissed appellant's appeal and upheld the commissioner's decision and merely directed that appellant continue to be "considered" for appointment to the position or any other higher level position for which she may be qualified. The commissioner's stipulation does not indicate that appellant will not be so considered. It merely states that so long as the public would react adversely to appellant's *selection,* he will continue to refuse to exercise his authority to appoint her. As discussed in Division 1 of this opinion, this decision is the commissioner's to make and was made for permissible reasons. So long as these reasons remain unchanged, the commissioner will continue to exercise his appointing authority to decline to appoint appellant to fill the position.

There is a difference between being "considered" for the appointment and being "selected." There is no indication in the record on appeal that the commissioner has ever or is now refusing to *consider* appellant for the county directorship. It merely shows that he is exercising, within permissible parameters, his authority to decline to *select* appellant for the position. If and when the underlying reasons change, presumably the commissioner's decision will change accordingly. If and when appellant qualifies for a position to which the reasons for rejecting this application do not constitute an

impediment, the commissioner's decision will presumably be reached on the merits of that application.

4. Appellant urges that the actions of the commissioner violate her constitutional rights to due process. "The right to follow one's profession, business, or occupation, or to labor, is a valuable property right, protected by the constitution and laws of this State, subject only to such restrictions as the government may impose for the welfare and safety of society." *Muse v. Connell*, 62 Ga. App. 296, 303 (8 SE2d 100) (1940). It is urged that the promotion to county director was a "property" right of which she was deprived without due process of law. Assuming without deciding that appellant has a constitutional right to a *promotion* within her chosen profession, it is clear that, as in Peters v. United States, 534 F2d 232, 234 (U. S. Ct. of Claims 1975), cited by her for this proposition, she has shown no legal entitlement to such promotion. All she has demonstrated is that she was recommended by the local board for the position from a list of three qualified applicants. She has been refused promotion by the commissioner acting within the permissible scope of his appointing authority. As in Peters and Skrobot v. United States, 534 F2d 237 (U. S. Ct. of Claims 1975), also cited by appellant in support of her argument, neither the state board, the superior court nor this court has the authority to compel a promotion where the appointing authority has, within the bounds of its permissible discretions, declined to do so. There was no error.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED DECEMBER 3, 1979.

*Michael Jablonski,* for appellant.

*Arthur K. Bolton, Attorney General, L. Joseph Shaheen, Jr., Assistant Attorney General,* for appellee.