Helen C. LEWIS, Plaintiff,

v.

DeKALB COUNTY, GEORGIA,
Defendant.

Civ. A. No. C80–915A.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 3, 1983.

W. Fred Orr, III, Decatur, Ga., for plaintiff.

Robert H. Walling, Atlanta, Ga., George P. Dillard, Decatur, Ga., for defendant.

## ORDER OF COURT

This is an action seeking redress for alleged sexual discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff, who worked at the DeKalb County Health Department, contends that her former employer discriminated against her by paying her wages less than males performing comparable duties, and by failing to promote her to a position to which she aspired. On September 13 and 14, 1982, a non-jury trial was held before this court on plaintiff's claim of sex discrimination against the defendant, DeKalb County and on DeKalb County's contentions that it was not plaintiff's employer within the meaning of 42 U.S.C. § 2000e *et seq.* The court took this case under advisement, and after careful consideration of all of the evidence presented at the trial and that presently in the record, the court now issues its memorandum decision.

## ISSUES

There are two basic issues before the court in the instant action: whether Helen C. Lewis was an employee of the defendant from on or about October 1973 through on or about March 1979. If so, was the defendant guilty of discriminating against the plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. Section 2000e, *et seq.*

## FINDINGS OF FACT

Plaintiff was hired by the Department of Human Resources as a Social Worker II in November of 1972, and assigned to the Georgia Regional Hospital in Atlanta, Georgia. Effective October 1, 1973 she was transferred to the DeKalb Board of Health and promoted to a Service Coordinator in charge of the Children Services in pay grade 19, Step 1. Plaintiff was an employ-

**12**

ee under the State Merit System of Georgia. She received a 5% special merit increase on May 1, 1975 which changed from a full time employment under the State Merit System to a 90% time employment under that system and a 10% employment under the DeKalb County Hospital Authority which operates the DeKalb General Hospital. She resigned June 30, 1979.

Dr. David Raque was employed August 13, 1973 as a Clinical Psychologist I, State Merit System pay grade 19, step 4. Under the State Merit System at that time the Clinical Psychologist classification permitted an advance step appointment due to the difficulty in recruiting clinical psychologists.

On May 1, 1975 Dr. Raque was promoted from a Clinical Psychologist I to a Clinical Psychologist II, State Merit System pay grade 20. On August 1, 1975, he was promoted to Director, Central DeKalb Community Mental Health System, State Merit System pay grade 22. On September 1, 1975 he was changed from a full time employee to a 90% time employee under the State Merit System and a 10% employee under the DeKalb Hospital Authority which operates the DeKalb General Hospital. He resigned on June 30, 1977.

While Dr. Raque served as Adult Services Coordinator and the plaintiff as Children Services Coordinator, he was paid approximately $4,300.00 more in salary per year than plaintiff. Plaintiff contends that this was discriminatory because the jobs were substantially equal. Also, plaintiff contends that the promotion of Dr. Raque to Center Director resulted in sex discrimination against her because she was denied the opportunity to compete for the position.

Under the provisions of state law (*Ga. Code Ann.* § 88–209), the governing authorities of the County are required to provide the County Board of Health with quarters and equipment equal to the requirements of its operations.

At the end of each month a report is sent to the State by the DeKalb Board of Health as to the salaries paid to all full time state employees assigned to that board. The

State then issues a check to DeKalb County for the total sum and the County disburses this sum through its computer process and prepares W–2 forms and sends them to those employees.

The employment selection, promotions, and the establishment of the salaries of the plaintiff and Dr. Raque were done by the State Merit System for the Department of Human Resources of the State of Georgia.

Neither the Board of Commissioners nor any employee of the DeKalb County government had any input into the employment selection, salaries, wage classification or assignment of duties of the plaintiff or Dr. Raque.

Neither Ms. Lewis nor Dr. Raque were personnel subject to the jurisdiction of the Board of Commissioners of DeKalb County, the governing authority of that county.

The Department of Human Resources is an instrumentality of the State of Georgia created and established by state law.

The general health facilities in DeKalb County are under the local supervision of the DeKalb County Board of Health, which is appointed pursuant to state law, subject to the policies, procedures and appropriation of funds by the Department of Human Resources.

## CONCLUSIONS OF LAW

HORACE T. WARD, District Judge.

Based on the findings of fact, the court will only address the issue of whether the plaintiff was an employee of the defendant, DeKalb County, or the State of Georgia.

The Department of Human Resources of the State of Georgia was created by an Act of the General Assembly, *Ga.Code Ann.* § 99–103, which was empowered to expend and disburse funds appropriated to it and allocated to it by the General Assembly of Georgia and by the respective counties of the States and by the United States Government through its appropriate agencies and instrumentalities for the purpose of distributing old age benefits and other benefits as prescribed in Chapter 99 of *Ga.Code*

*Ann.* § 99–3502. Furthermore, under *Ga. Code Ann.* § 99–3503, all functions of the Department of Public Health and the Board of Health created under *Ga.Code Ann.* §§ 88–102 and 88–103 were transferred to the Department of Human Resources.

While Title 88 of the Georgia Code does not explicitly state that the county depart-

ments of health are agents of the State, who serve to perform all state health activities of the county,[1] it is clear that the Department of Human Resources has substantial input regarding the rules, regulations, programs, activities, and facilities of the county health boards, and the appointment of the county directors. *See Ga.Code Ann.* §§ 88–203,[2] 88–204,[3] 88–215.[4]

1. Compare *Ga.Code Ann.* § 99–119 ("the department shall, under rules and regulations prescribed by it, designate county departments to serve as agents in the performance of all State welfare activities in the county").

2. *Ga.Code Ann.* § 88–203 provides:

The county board of health shall have and discharge, within its jurisdiction, subject to any valid local Act, which shall remain in force and effect, the following functions:

(a) To determine the health needs and resources thereof by research, and the collection, analysis, and evaluation of all data pertaining to the health of the community.

(b) To develop, in cooperation with the Department of Human Resources, programs, activities and facilities responsive to the needs of its area;

(c) To secure compliance with the rules and regulations of the Department of Human Resources that have local application;

(d) To enforce, or cause enforcement of, all laws pertaining to health unless the responsibility and the enforcement of such is by law that of another agency.

3. Section 88–204 states:

The county board of health is hereby empowered to:

(a) Adopt and establish bylaws for its own government. Meetings shall be held no less frequently than January, April, July and October of each year;

(b) Exercise responsibility and authority in all matters within the county pertaining to health, unless the responsibility for enforcement of such is by law that of another agency;

(c) Take such steps as may be necessary to prevent and suppress disease and conditions deleterious to health and to determine compliance with health laws and rules, regulations and standards adopted thereunder;

(d) Adopt and enforce rules and regulations appropriate to its functions and powers, provided such rules and regulations are not in conflict with the rules and regulations of the Department of Human Resources. Such rules and regulations must be reasonably adapted to the purposes intended and must be within the purview of the powers and duties imposed upon said board of health by this Title;

(e) Receive and administer all grants, gifts, moneys, and donations for purposes pertaining to health pursuant to the provisions of this Chapter;

(f) Make contracts and establish fees for the purpose of providing mental and other public health services. No person shall be denied services on the basis of his inability to pay. The scope of services, operating details, contracts and fees approved by the county board of health shall also be approved by the district director of health.

(g) Contract with the Department of Human Resources or other agencies for assistance in the performance of its functions and the exercise of its powers, and for supplying services which are within its purview to perform, provided such contracts and amendments thereto shall have first been approved by the Department of Human Resources. In entering into any contracts to perform its functions and to exercise its powers, and for supplying services which are within its purview to perform, any county board of health or health district created under the authority of Code section 88–215 shall be considered an agency and such agency shall have the authority to contract with any: other county board of health; combination of county boards of health; health district; public or private hospitals; hospital authorities; medical schools; training and educational institutions; departments and agencies of the State; county or municipal governments; persons, partnerships, corporations, and associations, public or private; the United States Government or the government of any other state; or any other legal entity.

4. *Ga.Code Ann.* § 88–215 provides:

The Department of Human Resources is authorized, with the consent of the boards of health and the county authorities of the counties involved, to establish health districts comprised of one or more counties. The county boards of health of the constituent counties shall, at the call of the Commissioner of the Department of Human resources, meet in joint session to approve the selection of a director appointed by the commissioner to serve said boards in common. A county board of health is authorized to appoint one of its members to represent said board at a joint meeting for this purpose. Said director

Plaintiff contends that she was an employee of the DeKalb County Health Department, and cites the cases of *Bituminous Casualty Corporation v. Ashbaugh*, 147 Ga. App. 392, 249 S.E.2d 96 (1978) and *Georgia Department of Human Resources v. Demory*, 138 Ga.App. 888, 227 S.E.2d 788 (1976), for the proposition that employees of county health departments are deemed employees of the county. Plaintiff further argues that she was hired, supervised, and subject to promotion by DeKalb County as was the case in *Demory, supra.*

In *Demory*, a workmen's compensation appeal, the sole issue presented was whether the claimant was an employee of the Hall County Health Board or the Georgia Department of Human Resources. The Georgia Court of Appeals said:

Unlike County Departments of Family and Children Services, county boards of health are not instrumentalities of the Department of Human Resources. Compare Code Ann. Ch. 99–5 with Code Ann. Ch. 88–2. The county and its board of health possess exclusively the powers of appointment and employment. Code Ann. § 88–211. Compare Code Ann. § 99–504. Although the county health board must implement regulations of the Department of Human Resources (Code Ann. § 88–203), the state department cannot control the means by which its regulations are implemented. Code Ann. Ch. 88–2. Compare Code Ann. § 99–109.

*Id.* at 888–889, 227 S.E.2d 788.

The court went on to state:

This is not to say that a county health department employee could not be deemed an employee of the state under the former workmen's compensation law if the facts are sufficient to create such legal status. But in determining whether the county or the state was the employer of the claimant for workmen's compensation purposes, the following factors are most important: (1) which "employer" had the right to control and direct the claimant and (2) which "employer" had the right to hire and discharge the claimant. *City of Brunswick v. Taylor*, 87 Ga.App. 751, 753 (75 SE2d 203). *See Royal Indem. Co. v. Humphries*, 90 Ga.App. 567 (83 SE2d 565); *State Dept. of Revenue v. McCray*, 101 Ga.App. 348 (114 SE2d 64). For "although there is a working arrangement between two corporations or governmental bodies, the one which has the direct supervision and control of the employee is to be considered the master or employer for purposes of compensation." *City of Brunswick v. Taylor*, 87 Ga.App. 751, 754, [75 S.E.2d 203] *supra.* Compare *State Department of Family & Children's Services v. Lassiter*, 113 Ga.App. 462 (148 SE2d 453). *Id.* at 889, 227 S.E.2d 788.

Although *Demory* is a workmen's compensation case, the court finds the factors in *Demory* and *City of Brunswick v. Taylor*, *supra*, to be the helpful standards for determining the proper employer. In *Demory*, the evidence showed that the claimant was hired, supervised, and subject to being discharged by the Hall County Board of Health. The court further found that the State Department of Human Resources "had no control over the time, manner, and method of the claimant's work." Based on the factors listed in *City of Brunswick v. Taylor*, the Court of Appeals concluded that the plaintiff was an employee of the Hall County Health Department and not an employee of the Georgia Department of Human Resources.

The evidence presented in the case *sub judice* leads this court to the opposite ruling of *Demory*, contrary to plaintiff's asser-

---

shall be a physician licensed to practice medicine under the Georgia Medical Practice Act (Georgia Code Chapter 84–9) and who otherwise meets the requirements of the State Merit System of Personnel Administration. Such district director shall have the same powers, duties, and responsibility as a director serving a single county board of

health. To further the purposes of this section, county boards of health may contract with each other for the provision of multicounty services and also exercise any additional powers as authorized by Code section 88–204(g) and in the performance of such contracts a county board of health may utilize its employees in other counties.

tions. In the instant case, the evidence established that the position of Mental Health Center Service Coordinator at the DeKalb County Health Department, which plaintiff occupied, Dr. Raque's positions as Clinical Psychologist I and II, and the position to which plaintiff sought promotion, Center Director, were all created by the State of Georgia and were governed by the Georgia State Merit System of Personnel Administration for the Georgia Department of Human Resources with respect to the terms and conditions of employment including hiring, termination, promotion, demotion and wage rates. Plaintiff previously acknowledged in a memorandum, dated February 1, 1979, written by her to Helen Smith and Mildred Montgomery via Jane Kibler that her position and the terms of employment were governed by the Georgia State Merit System.[5]

Furthermore, the DeKalb County Board of Health's activities relating to mental health were under the direct supervision of a full time employee of the Department of Human Resources, Mr. Robert Pulliam. Plaintiff even testified that Mr. Pulliam promoted Dr. Raque over her. It is clear from the evidence that Mr. Pulliam was not subject to the jurisdiction of the DeKalb County Board of Health or DeKalb County.

Moreover, while it is undisputed that De-Kalb County issued the salary checks for all persons assigned to the DeKalb County Health Department, the evidence shows that each month the DeKalb County Board of Health sent the State of Georgia a report as to salaries paid to all full time State employees assigned to that Board. The State then reimbursed DeKalb County 100 percent of the amount of those salaries paid to the State employees. Compare *MacNeill v. Wood,* 198 Ga. 150, 31 S.E.2d 14 (1944).

Based on the factors enumerated in *Demory* and *City of Brunswick,* the court must conclude that plaintiff is an employee of the Georgia Department of Human Resources and not the DeKalb County Health Department or DeKalb County. *A fortiori,* De-Kalb County is not plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b),[6] and plaintiff is not an employee of DeKalb County within the meaning of 42 U.S.C. § 2000e(f).[7]

---

**5.** The memorandum read:

Effective February 1, 1979, I would like to give one month's notice for the termination of my employment as Service Coordinator of the Central DeKalb Children's Center. My last day on the job will be the end of the working day of Wednesday, February 28, 1979. I would like to request that I be put on contingency leave for 1 (one) year from this date when, according to the policies of the State Merit System, I shall be reinstated in whatever State Merit System position that is available or resign totally and permanently from State employment. I shall therefore request that my sick leave benefits and seniority with the State Merit System be retained during the contingency leave year. I also understand that the annual leave I have accrued will be used up prior to my beginning the contingency leave year.

I appreciate the fine association I have enjoyed with the DeKalb County Mental Health programs over the years and am grateful to you for expediting my termination and contingency leave request.

**6.** Under Title VII of the Civil Rights Act of 1964, an employer is defined as:

A person engaged in an industry affecting commerce who has twenty-five employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such a term does not include (1) the United States, a corporation wholly owned by the government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of title 5 of the United States Code [5 U.S.C.S. § 2102), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of the Internal Revenue Code of 1954 [26 U.S. C.S. § 501(c)], except that during the first year after the date of enactment of the Equal Employment Opportunity Act of 1972 [Mar. 24, 1972], persons having fewer than twenty-five employees (and their agents) shall not be considered employers.

42 U.S.C.A. § 2000e(b).

**7.** Under Title VII an employee is defined as:

The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qual-

For the foregoing reasons, plaintiff's Title VII complaint is DISMISSED and judgment is entered for the defendant.[8]

ified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office.
42 U.S.C.A. § 2000e(f).

8. Had the proper parties been joined, the court would have decided plaintiff's sex discrimination claim. As such is not the case, and plaintiff has brought an action against the wrong party, the court need not address this issue.