A91A1689. ATKINSON et al. v. CITY OF ROSWELL et al.
(416 SE2d 550)

SOGNIER, Chief Judge.

Eleven officers in the City of Roswell Police Department brought suit against the City of Roswell and its mayor and chief of police in their official capacities seeking, inter alia, actual damages, attorney fees, and punitive damages for the defendants' alleged breach of contract, bad faith acts, and constitutional violations stemming from the defendants' failure to use an assessment center and to follow personnel rules on notification of job openings when making five promotions within the police department. One plaintiff voluntarily dismissed his suit against the defendants, and the trial court granted the defendants' motion for summary judgment regarding the claims by the remaining plaintiffs. They appeal.

In January 1989, the position of captain of the detective division came open in the City of Roswell Police Department. Appellants Neal Cobb, Rory Howe, Donald Moss, and John Watson (those appellants eligible for that position) were present at the March 3, 1989 staff meeting when Chief of Police Jerry King announced the opening. On March 20 of that year, King appointed Joan Rolland, the lieutenant in the detective division, to the detective captain position. It is uncontroverted that in making his decision for this position, King considered all the eligible appellants, but chose Joan Rolland over them. No evidence was adduced to contradict King's testimony that he was cognizant of the qualifications of those officers eligible for the detective captaincy and familiar with all 117 persons employed by the police department. No evidence was adduced that Joan Rolland was not

eligible for the detective captaincy, or that King's decision was based on any bias against those appellants eligible for that position (who are all officers in the uniform patrol division) or in favor of Rolland (who as detective lieutenant had been the senior officer in the detective division).

Rolland's promotion created an opening for detective lieutenant, which King deposed he filled by promoting the officer in the position directly under detective lieutenant, the detective sergeant. The detective sergeant's position was in turn vacated, and King deposed that in filling the succeeding openings created by the initial promotion, he "looked at" or considered the candidates who were eligible for those positions (including the applicable appellants), but he did not conduct actual interviews with them. He testified that he would "review everybody [anyway] to try and come up with the best candidate for whatever promotion was available." King deposed that in filling the challenged positions, he had followed the same procedure he had used since 1981, with one exception he remembered from several years earlier. The record further reflects that appellants did not lose their jobs or experience any detrimental effects in their pre-existing positions as a result of the promotions.

1. Appellants contend the trial court erred by granting summary judgment to appellees on their claims alleging breach of contract, bad faith, and constitutional violations based on appellees' admitted failure to evaluate and select the applicants for the police department promotions through the use of an assessment center, the creation of which was being contemplated by appellees at the time of the promotions. However, given the uncontroverted evidence that no such assessment center was open, funded, or even approved by appellee City of Roswell at the time the promotions in issue in this appeal were made, we find no merit in appellants' contention that they were legally harmed when appellee Chief of Police King did not wait until the planned assessment center came into being before filling the challenged positions. Accordingly, the trial court did not err by granting summary judgment in favor of appellees on appellants' claims arising out of this issue.

2. Appellants contend the trial court erred by granting summary judgment to appellees on their breach of contract claim. This claim was based on appellees' admitted failure to follow certain city personnel rules which required that a written notice of job vacancies be posted with a description of each vacancy and a list of the job requirements for the position for one week before a vacancy was filled. The trial court implicitly recognized appellants' right to sue the City for breach of contract, and we agree since there is nothing to distinguish the contractual relationship between the parties to this appeal from the contractual relationship between the police officer and mu-

nicipality in *Precise v. City of Rossville*, 261 Ga. 210, 211 (1) (403 SE2d 47) (1991) (municipal immunity not a valid defense to action for breach of contract). We note that in *Precise*, the Supreme Court reversed the opinion of this court in which we had relied on *City of Atlanta v. Fry*, 148 Ga. App. 269 (251 SE2d 90) (1978), aff'd 243 Ga. 517 (255 SE2d 48) (1979) (operation of police department, including the promotion and transfer of officers, is a governmental function, not a ministerial function).

Because the resolution which established the personnel rules at issue here, as pled and proved by appellants, was adopted in compliance with the conditions and directions given in the City's charter, Ga. L. 1971, p. 3289, it was valid and of force. See *Toomey v. Norwood Realty Co.*, 211 Ga. 814, 816-817 (1) (89 SE2d 265) (1955). We agree with the trial court that resolutions are the usual form employed for the enactment of administrative measures of a municipal corporation whereas ordinances are reserved for legislative acts, *Allen v. Wise*, 204 Ga. 415, 417-419 (1) (50 SE2d 69) (1948), and that nothing in the City's charter required such personnel rules to be enacted by ordinance instead of by resolution.[1] However, we agree with appellants that the trial court erred by granting appellees' motion for summary judgment on the basis that the personnel rules did not apply to intradepartmental promotions such as those in issue in this appeal.

It is uncontroverted that appellants are full-time regular employees of the City of Roswell. No evidence was adduced by appellees that appellants are not among those employees subject to the personnel rules. Article IV of the rules, which is expressly applicable to full-time regular employees of the City, provides in Section III (A) that department heads are responsible for notifying the city administrator when positions "are vacant or will become vacant," and requires the department heads to submit a notice to the city administrator setting forth, inter alia, the job title, pay grade, job duties, and abilities required to perform the job. Under Section III (B), the city administrator then reviews this information "to insure that information necessary for . . . promotion activities is provided" and to determine, inter alia, "[w]hether the position can be filled by promotion or transfer." Section III (C), which is entitled "Recruitment," provides that "preference in filling vacant positions shall be given to current City employees over outside applicants. . . . To this end, vacancies above the entry

---

[1] We do not interpret the language in Section 2.11 of the City's charter, Ga. L. 1971, pp. 3289, 3308, requiring "[a]ny action of the city council having a regulatory or penal effect" to require personnel rules to be enacted only by ordinance since the regulatory action contemplated by that language relates to those regulatory matters set forth in the corporate powers section of the charter (e.g., public utilities regulations, regulation of the use of public parks and buildings, etc.).

level of any occupational category normally shall be announced to the City employees by the posting of appropriate notices on departmental bulletin boards for a period of one week."

Applying the rules of statutory construction to this municipal enactment, see *Snow v. Johnston*, 197 Ga. 146, 155-156 (5) (28 SE2d 270) (1943), we agree with appellants that the personnel rules above are clearly applicable to vacancies to be filled by the promotion of any city employee. Thus, we find the trial court misinterpreted the personnel rules when it held that appellees did not have to comply with the procedures set forth in those rules when making the challenged promotions.

Although the record establishes that appellants are not entitled to the actual damages they sought for the breach of contract, in that uncontroverted evidence presented by appellees established that the same persons would have been promoted even had the personnel rules been followed, summary judgment was nevertheless improperly granted to appellees since appellants are entitled to recover nominal damages sufficient to cover the costs of bringing the action. OCGA § 13-6-6; *Belcher v. Thomson Newspapers*, 190 Ga. App. 466, 467 (379 SE2d 204) (1989).

3. Even assuming, arguendo, that appellants' bad faith claim as to appellee King (i.e., that he acted intentionally and deliberately when he "circumvent[ed] the employment agreement") was asserted against King not in his official capacity but in his individual capacity as the officer responsible for not promoting them, see *City of Atlanta v. Fry*, supra, appellants adduced no evidence to rebut King's deposition and affidavit testimony explaining that the promotions in issue were made pursuant to the procedure he consistently used throughout his tenure as chief of police and that he promoted the people he considered most eligible for the jobs. Given King's sworn statements demonstrating that he acted in good faith in making the challenged promotions and the absence of any rebuttal evidence setting forth a genuine issue of fact on appellants' claim that King acted in bad faith, we find no error in the trial court's grant of summary judgment to King on appellants' claim of bad faith. See generally *Miller v. Trammell*, 198 Ga. App. 27, 28 (1) (400 SE2d 387) (1990).

4. Appellants contend genuine issues of material fact remain whether appellees' failure to follow the personnel regulations constituted a violation of their procedural due process rights. We do not agree.

It is uncontroverted that the decision regarding which officers should be promoted was a matter vested in the discretion of the chief of police, King, as ratified by the city administrator, and was limited only by those personnel rules requiring equal employment opportunity for all persons without regard to sex, race, color, religion, na-

tional origin, political affiliation, age or handicapped status. As noted above, there is nothing in the record to suggest that in following what was basically a seniority system, which was the promotional system King had followed for several years, King acted outside the bounds of the discretion vested in him as chief of police when he promoted Rolland and the other officers, violated the equal employment opportunity personnel rules, or was not acting within the permissible scope of his appointing authority when he failed to promote appellants. See *Horne v. Skelton*, 152 Ga. App. 654, 660 (4) (263 SE2d 528) (1979).

The personnel rules in issue, as set forth above, address only the procedures to be followed in notifying employees about job vacancies: they do not address who among those so notified is entitled to the job. Thus, the record establishes that even had the personnel rules in issue here been followed, they would only have alerted appellants to the fact that positions were open and the nature of the positions involved, and would not have resulted in appellants' automatic entitlement to or preference in promotion. Compare *Hoffman v. Bd. of Fire & Police Commrs.*, 529 NE2d 790 (Ill. App. 1988). Therefore, appellants cannot claim that the personnel rules created a property interest in appointment to the vacant positions because promotion to those higher ranks was not a matter of right. See *Bigby v. City of Chicago*, 766 F2d 1053, 1057 (7th Cir. 1985), citing *Board of Regents v. Roth*, 408 U. S. 564, 577 (92 SC 2701, 33 LE2d 548) (1972); see also *Horne*, supra at 660 (4). The evidence of record further reveals that appellees' failure to follow the notification rules did not prevent appellants from establishing themselves as eligible candidates for the positions, compare *City of Tuscaloosa v. Marcum*, 218 S2d 254 (Ala. 1969) (due process violated by failure to follow rules requiring use of roster of eligibles for promotion as determined by competitive examinations, interviews, etc.), or deprive them from being fully considered for the promotions. See *Deas v. Levitt*, 541 NYS2d 958, 962-963 (Ct. App. 1989). Nor does the evidence indicate that the failure to follow the personnel rules resulted in an inadequate review of the eligible candidates by King or in appointments based upon favoritism. Compare *Montgomery County v. Anastasi*, 549 A2d 753, 757 (Md. App. 1988).

A party is not entitled to procedural due process where the interest which would be impaired by governmental action does not involve that party's protectible interest in life, liberty, or property. See *Smith v. Crim*, 240 Ga. 390, 392 (240 SE2d 884) (1977) (no due process claim where there is no protectible property interest); see generally Rotunda, Nowak & Young, Treatise on Constitutional Law: Substance and Procedure § 17.1. See also *United States v. McDonald Chevrolet & Oldsmobile*, 514 FSupp. 83, 89 (N.D. Ga. 1981). Because the personnel rules which appellees failed to follow did not limit the discretion of King and the city administrator in their decision regarding

which officers to promote, and because it is uncontroverted that the failure to follow the personnel rules did not deprive appellants of the benefit of those rules (i.e., did not impair King's fair and equal consideration of all eligible officers for the promotions), no property interest of appellants was impaired by the making of the challenged promotions, and therefore appellees' failure to follow the personnel rules did not constitute a violation of appellants' procedural due process rights. Accordingly, we affirm the trial court's grant of summary judgment in favor of appellees on this issue.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 5, 1992.

*McKenney & Froelich, William J. McKenney,* for appellants.
*Polatty & Sullivan, Michael E. Sullivan, Lauren G. Alexander,* for appellees.