A95A0899. FLOYD COUNTY GRAND JURY v. DEPARTMENT OF FAMILY & CHILDREN SERVICES.
(463 SE2d 519)

McMURRAY, Presiding Judge.

On December 14, 1994, appellant Floyd County Grand Jury issued and served subpoenas on seven employees of the Floyd County Department of Family & Children Services ("DFACS") commanding their appearance before the grand jury on December 15, 1994. An eighth subpoena was issued but not timely served. DFACS and the employees filed a motion to quash the subpoenas, alleging the subpoenas were improper and beyond the scope of a grand jury's powers. The appellant maintained that the subpoenas were issued pursuant to its authority to conduct civil inspections and investigations of county offices under OCGA § 15-12-71 (b) (2) and conceded that no criminal matter was involved. The parties agreed that the issues before the trial court were whether DFACS is a county or state office for purposes of OCGA § 15-12-71 (b) (2) and whether the appellant is authorized to subpoena state employees in regard to a civil investigation under this statute.

The only witness to testify at a hearing on the motion to quash was the acting Floyd County Finance Director, Kelly Roberts. Ms. Roberts testified that Floyd County gives DFACS a grant of "$125,000 a year . . . for administration, emergency relief, and child welfare." She confirmed that the annual grant "does not cover salaries of [DFACS] employees." Ms. Roberts further testified, "I believe it is something [the county] choose[s] to do. The Board of Commissioners votes on [the grant] every year." She confirmed that "the county has no control over [the] money" given to DFACS and she is "not . . . aware of" any part of the DFACS operation that comes under county control. Ms. Roberts also testified the county issues grants to other agencies, including the Coosa Valley Mental Health Center (a state agency).

Following the hearing, the superior court entered an order quashing the subpoenas and relieving the witnesses from any obligation thereunder. The superior court found that the subpoenas were defec-

tive in form; that there was no proposed bill of indictment for which witnesses may be summoned; that DFACS is a state agency; and that no appropriate oath is provided for the witnesses even if DFACS were a county agency, making the subpoenas a "nullity." This appeal followed. *Held*:

1. The appellant's fourth enumeration and the dispositive issue in the case sub judice, is whether the superior court erred in ruling that DFACS is not a "county office" for purposes of OCGA § 15-12-71 (b) (2). OCGA § 15-12-71 (b) (2) states: "[T]he grand jury shall, whenever deemed necessary by eight or more of its members, appoint a committee of its members to inspect or investigate any county office or county public building or any public authority of the county or the office of any county officer, any court or court official of the county, the county board of education, or the county school superintendent or any of the records, accounts, property, or operations of any of the foregoing." The appellant contends that the plain meaning of the terms used in OCGA § 15-12-71 (b) (2) and in the statutes creating and defining county departments of family and children services (OCGA §§ 49-1-1; 49-3-1), along with the county's annual financial contribution to DFACS and DFACS's significant impact on county operations leads to the conclusion that DFACS is a county office for purposes of OCGA § 15-12-71 (b) (2). But DFACS asserts that it is an "instrumentality of the state and as such is not subject to the appellant's investigative powers [under OCGA § 15-12-71 (b) (2)]."

The Georgia law creating and defining county departments of family and children services indicates that these departments are instrumentalities of the Department of Human Resources (DHR), a state agency, independent of the county, and no evidence has been presented to the contrary. The DHR was created by virtue of state law (OCGA § 49-2-1) as a state institution (OCGA § 49-2-5) to administer all categories of public assistance (OCGA §§ 49-2-6; 49-4-3 (b)) under the Georgia Public Assistance Act of 1965 (OCGA § 49-4-1 et seq.), including administration and supervision of public assistance provided by county departments (OCGA § 49-2-6 (a)). Each county department of family and children services was also created by state law (OCGA § 49-3-1 (a)), and "[s]ubject to the rules and regulations of the Board of Human Resources, [each] county department shall be charged with the administration of all forms of public assistance in [that] county . . . and such other welfare activities as shall be delegated to it by the Department of Human Resources or by the county commissioners. . . ." OCGA § 49-3-6.

Not only are county departments of family and children services under the supervision of DHR, a state agency, but Georgia law suggests that DFACS employees are state employees. First, "[t]he commissioner [of the DHR] is designated as the appointing authority for

the [county director of each county]." OCGA § 49-3-3 (a). Second, "[t]he county department staff . . . shall be appointed pursuant to the rules and regulations of the Department of Human Resources and the State Merit System of Personnel Administration and subject to the approval of the commissioner of [DHR]." OCGA § 49-3-4 (a). Third, "[t]he salaries of the members of the staff shall be fixed by the county board in conformity with the salary schedule prescribed by the Department of Human Resources." OCGA § 49-3-4 (b). Finally, "[t]he [DHR] commissioner shall have power to transfer from one county to another or from one district to another any employee of a county department." OCGA § 49-3-4 (c).

Further, funding for the county departments of family and children services is derived from federal and state funds made available to them by the DHR. OCGA §§ 49-2-5; 49-4-17. The appellant contends that Floyd County's contribution of $125,000 per year to DFACS for "administration, emergency relief and child welfare" is indicative of DFACS being a "county" office. No county, however, is statutorily required to participate in "the cost of such public assistance or in the cost of administration thereof," and therefore, any contribution by Floyd County to DFACS is voluntary. OCGA § 49-4-17.

While we find no Georgia decisions which address the specific issue presented by this case, there are a number of decisions holding county departments of family and children services to be instrumentalities of the state for other purposes. See *Horne v. Skelton*, 152 Ga. App. 654, 655 (1) (263 SE2d 528) (county department of family and children services found to be an instrumentality of the state when power to appoint county director by the commissioner of DHR involved); *Employees Retirement System of Ga. v. Baughman*, 241 Ga. 339 (245 SE2d 282) (DFACS employees are state employees for the purpose of determining retirement benefits); and *Ga. Dept. of Human Resources v. Demory*, 138 Ga. App. 888 (227 SE2d 788) (DFACS determined to be a state instrumentality distinct from Hall County Board of Health, a county instrumentality, for purposes of workers' compensation). Also see *Bendiburg v. Dempsey*, 707 FSupp. 1318 (N.D. Ga. 1989) (DFACS is instrumentality of the state for the purpose of Eleventh Amendment immunity). The appellant argues that these decisions holding county departments of family and children services to be a state instrumentality involve "narrow and unrelated issue[s] of law" and should not be found to control in this case. While these cases are not directly controlling, they are persuasive and, therefore, properly considered.

In light of the factors discussed herein, we conclude that county departments of family and children services, including Floyd County DFACS, are state rather than county offices for purposes of OCGA

§ 15-12-71 (b) (2) and, as state offices, are not subject to the grand jury's power of inspection and investigation under this statute. And not only are grand juries without power to inspect and investigate state offices under OCGA § 15-12-71 (b) (2), but they lack power to perform civil investigations of state offices under any other statute. Without statutory authority, a witness can be commanded to appear before a grand jury only if there is "some pleading, either in the form of a bill of indictment or a special presentment, charging a named person with a specified offense . . .," and appellant concedes there is no criminal investigation pending in this matter. *Switzer v. State*, 7 Ga. App. 7, 9 (1) (65 SE 1079). Consequently, the trial court properly quashed the subpoenas.

2. Appellant's remaining enumerations of error are without merit. The third enumeration contends a grand jury may subpoena state-paid employees of county offices under OCGA § 15-12-71 (c), but since we have concluded DFACS is a state office for purposes of OCGA § 15-12-71 (b) (2), the presumed factual predicate of this issue is incorrect. Further, we need not decide whether the subpoenas were defective in form or invalid per se since appellant has no power to conduct a civil investigation of DFACS or issue subpoenas to compel attendance of witnesses in connection with such an investigation. Finally, the appellant's fifth enumeration incorporates the argument submitted in support of the fourth enumeration which has already been considered.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 26, 1995.

*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Assistant Attorney General, James P. Orr*, for appellee.